426

[No. 8832-4-III.   Division Three.   February 7, 1989.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES I.
FOLDEN, *Appellant*.

*Terry Bloor*, for appellant (appointed counsel for appeal).

*Andy Miller, Prosecuting Attorney*, and *Robert Ingvalson, Deputy*, for respondent.

MUNSON, J.—Charles I. Folden appeals a conviction of unlawful possession of a controlled substance and unlawful delivery of a controlled substance, *i.e.*, cocaine. We affirm; counsel's petition to withdraw is granted.

Mr. Folden's court appointed counsel filed an *Anders* brief pursuant to *Anders v. California*, 386 U.S. 738, 18 L.

Ed. 2d 493, 87 S. Ct. 1396 (1967) in which he alleged four assignments of error of questionable merit. *See also Penson v. Ohio,* ___ U.S. ___, 102 L. Ed. 2d 300, 109 S. Ct. 346 (1988). Mr. Folden filed a pro se brief contending the testimony of the police informant was not credible and that an officer, who had testified to photocopying the bills found on Mr. Folden's person, erred in not producing those photographs. The State moved for affirmance pursuant to a motion on the merits. RAP 18.14.

The Commissioner's ruling affirmed the conviction and granted court appointed defense counsel's request to withdraw from representing Mr. Folden, conditioned on counsel (1) filing a written motion to withdraw pursuant to RAP 15.2(h), and (2) advising Mr. Folden of postruling procedures in accordance with *State v. Rolax,* 104 Wn.2d 129, 135–36, 702 P.2d 1185 (1985).

Mr. Folden, pro se, filed a motion to modify the Commissioner's ruling pursuant to RAP 18.14(i) and 17.7. He raised the same issues as his pro se appellant brief and an additional issue, namely, that he was entitled to defense counsel throughout this proceeding "since there were or was a motion that still had to be filed with the court system." We grant the motion to modify the Commissioner's ruling and agree with Mr. Folden that he is entitled to the services of an attorney so long as this matter remains in the Court of Appeals.

Preliminarily, we note that we have reviewed the entire record before this court as it pertains to Mr. Folden's appeal; we have read the briefs of both parties including pro se briefs in the original appeal and on the motion to modify.[1] We agree with the Commissioner's ruling in all respects but seek to clarify the position of this court in the interpretation of *State v. Rolax, supra.*

---

[1]Argument before the Commissioner is tape–recorded and comprises the argument to the court on a motion to modify unless further argument is requested by the court.

*Rolax* was a challenge to a show cause[2] and motion on the merits procedure being utilized in a criminal case. *Rolax,* at 135–37, stated:

> A defendant, not versed in procedural niceties, is unlikely to realize that failure to file a motion to modify the commissioner's ruling cuts off appellate review. Appellant's attorney should explain this; as an additional safeguard, we require that in the future the defendant, as well as counsel, be sent a copy of the commissioner's ruling along with a notice explaining that failure to file a motion to modify terminates appellate review.
>
> . . .
> *None of the cases before us today involve a situation where defense counsel, believing an appeal would be frivolous, petitioned to withdraw.* . . . In any case, appeals determined through use of the motion on the merits procedure afford a defendant no less protection than if an appeal were alleged to be frivolous. . . . Even though the court's criteria for categorizing an appeal as frivolous appear more stringent than those used by a commissioner to affirm a conviction by a motion on the merits, as emphasized earlier, full appellate review by the court requires only a defendant's motion to modify. *Anders* requires full appellate review; RAP 18.14 offers a defendant just that.

(Citations omitted. Italics ours.)

■■ A Commissioner of this court, ruling on a motion on the merits, based on an *Anders* brief, recognized the import of *Rolax* and used standardized language to indicate that before counsel would be allowed to withdraw, he must advise his client of postruling procedures in accordance with *Rolax.* Apparently, Mr. Folden's court appointed counsel interpreted this to mean that once he notified Mr. Folden he could file a motion to modify, his performance as an attorney was completed. That is not so.

---

[2]The show cause procedure was initiated in this Division prior to the adoption of motion on the merits with the intent to alleviate congestion in the court system if a case fell within narrowly stated parameters. This Division no longer uses that procedure, but does hear and decide motions on the merits. RAP 18.14(k).

Defense counsel shall notify his client, who already has received "a copy of the commissioner's ruling along with a notice explaining that failure to file a motion to modify terminates appellate review", that counsel is there to assist him in preparation of the motion. If the client decides not to proceed with a motion to modify, counsel may then so notify the court with a copy of the notice to his client. Upon so doing, his court appointed duties have been completed.

Should the client decide to file a motion to modify, counsel is responsible for the preparation and filing of that motion with a copy to his client. If the court grants the motion to modify, it will notify counsel of any further action that needs to be taken. If the court denies the motion to modify the Commissioner's ruling, the matter is then concluded in the Court of Appeals. For emphasis, we again state that counsel's obligation is not completed by compliance with the Commissioner's ruling if his client decides to proceed with a motion to modify.

In *Ross v. Moffitt*, 417 U.S. 600, 610–12, 41 L. Ed. 2d 341, 94 S. Ct. 2437 (1974), the Supreme Court, in commenting on similar provisions in North Carolina, made the following statements:

> We do not believe that the Due Process Clause requires North Carolina to provide respondent with counsel on his discretionary appeal to the State Supreme Court. At the trial stage of a criminal proceeding, the right of an indigent defendant to counsel is fundamental and binding upon the States by virtue of the Sixth and Fourteenth Amendments. . . . But there are significant differences between the trial and appellate stages of a criminal proceeding. . . .
>
> . . . [I]t is ordinarily the defendant, rather than the State, who initiates the appellate process, seeking not to fend off the efforts of the State's prosecutor but rather to overturn a finding of guilt made by a judge or jury below. The defendant needs an attorney on appeal not as a shield to protect him against being "haled into court" by

the State and stripped of his presumption of innocence, but rather as a sword to upset the prior determination of guilt. This difference is significant . . . The fact that an appeal *has* been provided does not automatically mean that a State then acts unfairly by refusing to provide counsel to indigent defendants at every stage of the way. . . .

. . .

. . . The Fourteenth Amendment "does not require absolute equality or precisely equal advantages," nor does it require the State to "equalize economic conditions." It does require that the state appellate system be "free of unreasoned distinctions," and that indigents have an adequate opportunity to present their claims fairly within the adversary system. . . .

The North Carolina appellate system, as are the appellate systems of almost half the States, is multi-tiered, providing for both an intermediate Court of Appeals and a Supreme Court.

(Footnotes and citations omitted.)

As in Washington, North Carolina with few exceptions provides an appeal of right in all criminal cases to the Court of Appeals rather than the Supreme Court. Appeals to the Supreme Court are discretionary. As in Washington, North Carolina provides appointed counsel in criminal cases taken as of right. However, once having had the benefit of an appeal before the State Court of Appeals, the court held that the defendant was not denied meaningful access to the Supreme Court of North Carolina if the Court of Appeals permitted appointed counsel to withdraw. He was entitled to make his petition pro se because all of the materials necessary for a review by the State Supreme Court were already in the record of the Court of Appeals, thus providing the Supreme Court "with an adequate basis for its decision to grant or deny review."

Therefore, while we hold appointed counsel is not entitled to withdraw before that appeal is concluded in the Court of Appeals, he need not continue his appointed representation thereafter. Upon denial of a motion to modify, counsel should advise his client of his right to petition for a

review before the State Supreme Court. Furthermore, that petition should be filed in the Court of Appeals, which will then forward the petition and its record to the Supreme Court for consideration of his petition. RAP 13.1. However, he need not assist in the process of preparing the petition for review.

Here, having reviewed the entire record as noted above, we find that the motion on the merits was properly granted and the motion to modify is denied, except insofar as we have clarified the position of defense counsel on the motion to withdraw filed along with an *Anders* brief.

The conviction is affirmed; counsel's petition to withdraw is granted.

THOMPSON, C.J., and SHIELDS, J., concur.

Review denied at 112 Wn.2d 1022 (1989).