[No. 9541-0-III.   Division Three.   July 3, 1990.]

THE STATE OF WASHINGTON, *Respondent*, v. RICARRDO GASPAR PORRAS, *Appellant*.

*Daniel Lorello,* for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Howard W. Hansen* and *Kenneth L. Ramm, Deputies,* for respondent.

PER CURIAM.—Ricarrdo Gaspar Porras appealed his conviction for possession of a controlled substance, heroin. His counsel filed an *Anders* brief (*Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967)) in which he stated he could find no meritorious assignments of error other than insufficiency of the evidence. The State filed a motion on the merits pursuant to RAP 18.14. Our Commissioner, in a written ruling, affirmed. Appellant counsel filed a motion to modify the Commissioner's ruling noting his inability to comply with *State v. Folden,* 53 Wn. App. 426, 767 P.2d 589, *review denied,* 112 Wn.2d 1022 (1989).

In *Folden,* at 430–31, we said:

> [W]hile we hold appointed counsel is not entitled to withdraw before that appeal is concluded in the Court of Appeals, he need not continue his appointed representation thereafter. Upon denial of a motion to modify, counsel should advise his client of his right to petition for a review before the State Supreme Court. Furthermore, that petition should be filed in the Court of Appeals, which will then forward the petition and

its record to the Supreme Court for consideration of his petition. RAP 13.1. However, he need not assist in the process of preparing the petition for review.

Since that opinion became final, several counsel appointed to represent indigent defendants, after receiving either an opinion or commissioner's ruling, have advised this court they are unable to locate their client or have learned the client has been deported. Therefore, they are unable to comply with the notification required in *Folden*.

In Mr. Porras' case, counsel has documented in an affidavit his attempts to contact his client and has learned Mr. Porras was deported. He has no information of the present whereabouts of his client. He seeks this court's permission to withdraw.

When counsel has made his best effort, has set forth those efforts in an affidavit and this court is satisfied counsel is unable to comply with *Folden* he will have his motion to withdraw granted.

The motion to modify insofar as counsel's request for permission to withdraw is granted; the conviction is affirmed.