[No. 37408-7-I.    Division One.    March 10, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. SUSAN I. MILLS, *Appellant*.

*Eric Broman* and *Nielsen & Acosta*, for appellant.

*James H. Krider, Prosecuting Attorney*, and *Pamela B. Loginsky, Deputy*, for respondent.

PER CURIAM. — On RALJ appeal, the superior court affirmed Susan Mills' sentence for driving while under the influence. In seeking discretionary review of that decision, Mills requested and was denied the appointment of counsel and preparation of a written verbatim report of the district court proceedings at public expense. We grant review of the court's denial and hold an indigent RALJ petitioner has no right to appointed counsel or district court transcripts. We deny review of Mills' challenges to her sentence.

## Procedural History

The State cited Mills for driving while under the influence in August 1992. In January 1993, she stipulated to the admissibility of the police report and was found guilty. In March, the Cascade District Court sentenced Mills to 365 days in jail, and stayed imposition of the sentence pending the outcome of *State v. Wittenbarger*, 124 Wn.2d 467, 880 P.2d 517 (1994). Later in 1993, Mills was convicted of first degree manslaughter and immediately began serving a 41-month sentence. After the district court lifted the *Wittenbarger* stay, Mills filed a motion to suspend the 365-day sentence or to run the term concurrent with the manslaughter sentence. The court denied the motion. She then filed a motion for reconsideration of her sentence, which was also denied.

Mills filed a RALJ appeal. In accordance with Snohomish County Local Rules, the district court proceedings were not transcribed. Instead, the parties' briefs cited to portions of the audiotapes of the proceedings. The superior court affirmed the sentence.

Mills sought review of the superior court's decision in this Court. In order to pursue discretionary review, she requested the superior court to find her indigent, appoint counsel and prepare a verbatim report of the district court proceedings. The court found her indigent, but denied appointment of counsel and preparation of the verbatim report at public expense. The court granted Mills permission to renew her requests if this Court granted discretionary review. Mills now seeks review of the court's order of indigency.

## Standard of Review

■ We agree with the State that the order is not a superior court decision reviewing the decision of a court of limited jurisdiction under RAP 2.3(d). We nevertheless apply the criteria set forth in RAP 2.3(d) because the issues are inextricably intertwined with the RALJ process. The need for counsel and a verbatim report obviously became necessary only after the superior court rejected Mills' RALJ appeal; counsel had been appointed for Mills' RALJ appeal and the superior court did not require transcripts to decide her appeal. Mills has raised issues involving significant questions of constitutional law and matters of public interest. RAP 2.3(d)(2), (3). We grant review.

## Right to Counsel on Discretionary Review of RALJ Decision

Mills' contention that she has a right to the appointment of counsel is based on the premise that, in enacting RCW 10.73.150, the Legislature has taken away a right to counsel that previously existed for discretionary review petitioners. She argues the statute violates the constitutional rights to counsel and to equal protection. We disagree with the premise and with Mills' constitutional arguments.

■ RCW 10.73.150 (LAWS OF 1995, ch. 275, § 2) provides in pertinent part as follows:

Counsel shall be provided at state expense to an adult offender convicted of a crime . . . when the offender is indigent . . . and the offender:

(1) Files an appeal as a matter of right;

(2) Responds to an appeal as a matter of right or responds to a motion for discretionary review or petition for review filed by the state;

. . .

(6) Prosecutes a motion or petition for review after the supreme court or court of appeals has accepted discretionary review of a decision of a court of limited jurisdiction . . . .

Contrary to Mills' premise, RCW 10.73.150 was designed to expand, not restrict, the right to counsel. In enacting the provision, the Legislature recognized the constitutional rights of equal protection and due process require counsel be provided for indigent criminal appellants "for the first appeal as a matter of right . . . and no further."[1] LAWS OF 1995, ch. 275, § 1. The Legislature stated it was "appropriate to extend the right to counsel at state expense beyond constitutional requirements in certain limited circumstances to persons who are indigent . . . ." LAWS OF 1995, ch. 275, § 1. Because the statute creates a right to counsel for indigent litigants that did not previously exist, the law has no effect on the constitutional right to counsel.

■■ The heart of Mills' challenge to RCW 10.73.150 is that it violates equal protection by creating different classifications depending on whether the indigent person

---

[1]See Ross v. Moffitt, 417 U.S. 600, 94 S. Ct. 2437, 41 L. Ed. 2d. 341 (1974) (indigent petitioner seeking discretionary review has neither a federal due process nor equal protection right to the assistance of counsel); State v. Folden, 53 Wn. App. 426, 430, 767 P.2d 589 (citing Moffitt in holding that appointed counsel need not continue representation beyond direct review in the Court of Appeals), review denied, 112 Wn.2d 1022 (1989); State v. Koloske, 100 Wn.2d 889, 892, 676 P.2d 456 (1984), overruled on other grounds by State v. Brown, 111 Wn.2d 124, 143-44, 761 P.2d 588 (1988) (state constitutional right to appeal, CONST. art. I, § 22, not implicated where defendant seeks discretionary review of appeal as of right), aff'd, 113 Wn.2d 520, 540, 782 P.2d 1013 (1989). Mills does not argue the State constitutional right to appeal extends to the discretionary review stage after an appeal as of right.

initiates or responds to a motion for discretionary review. One of three tests is used to determine whether the right to equal protection is violated. The first, or "strict scrutiny" test, applies when a classification affects a suspect class or fundamental right. *Westerman v. Cary*, 125 Wn.2d 277, 294, 892 P.2d 1067 (1994). RCW 10.73.150 does neither. Indigent petitioners seeking discretionary review are not a suspect class. In addition, access to discretionary review of an appeal as a matter of right is not a fundamental constitutional right. *Ross v. Moffitt*, 417 U.S. 600, 94 S. Ct. 2437, 41 L. Ed. 2d. 341 (1974); *State v. Koloske*, 100 Wn.2d 889, 892, 676 P.2d 456 (1984), *overruled on other grounds by State v. Brown*, 111 Wn.2d 124, 143-44, 761 P.2d 588 (1988), *aff'd*, 113 Wn.2d 520, 540, 782 P.2d 1013 (1989).

The second, or "intermediate scrutiny" approach, applies to classifications based on gender, or those that implicate both an important right and a semi-suspect class not accountable for its status. *In re Personal Restraint of Runyan*, 121 Wn.2d 432, 448, 853 P.2d 424 (1993). Classifications based on wealth may form a semi-suspect class. *Runyan*, 121 Wn.2d at 448. Here, the statute's complained-of classification is not based on financial status, but rather by the nature of the proceeding and whether the litigant is petitioner or respondent.

Therefore, the third, or "rational basis" test, applies here. *See Runyan*, 121 Wn.2d at 448-49 (applying rational basis test to equal protection challenges to RCW 10.73.090 *et seq.*, the statutory scheme establishing a one-year time limit to petition for collateral relief of a conviction). Under this test, a statute will be upheld unless it is "wholly irrelevant to achieving a legitimate state objective." *Runyan*, 121 Wn.2d at 449.

The stated legislative purpose of RCW 10.73.150 is to create a limited right to appointed counsel for the indigent that is not available under the constitution. Mills cannot reasonably argue the statute does not achieve a legitimate state interest. Moreover, affording the right to indigent

respondents but not to petitioners fosters the admirable goal of providing legal assistance to the indigent while recognizing the practical differences between being a petitioner and a respondent. The *Moffitt* court's discussion of the differences between trial and appeal is instructive here. The Supreme Court pointed out that, unlike at trial — where the indigent criminal defendant is haled into court to defend herself from being converted from an innocent person to one convicted of a crime — the appellate process is typically initiated by the defendant, not to fend off the State's efforts but rather to overturn a finding of guilt. *Moffitt*, 417 U.S. at 610-11. Similarly, an indigent respondent — who seeks to repel the State's efforts to reinstate an overturned conviction or other result favorable to the defendant — is in a different posture than is an indigent petitioner, who initiates review.

■■ Our Supreme Court has left open the possibility the state equal protection clause, CONST. art. I, § 12, affords greater protection than its federal counterpart, the Fourteenth Amendment. *Griffin v. Eller*, 130 Wn.2d 58, 65, 922 P.2d 788 (1996).[2] But the Court has repeatedly rejected the contention that the state provision should be independently interpreted, consistently holding "that the privileges and immunities clause and the equal protection clause are substantially identical and considered by this court as one issue." *State v. Clark*, 76 Wn. App. 150, 155, 883 P.2d 333 (1994), *aff'd*, 129 Wn.2d 211, 916 P.2d 384 (1996) (quoting *State v. Smith*, 117 Wn.2d 263, 281, 814 P.2d 652 (1991)). We see little reason to believe the Court would find an expanded state constitutional right to the appointment of counsel for petitioners seeking discretionary review. We hold indigent petitioners seeking discre-

---

[2]CONST. art. I, § 12 provides: "No law shall be passed granting to any citizen, class of citizens, or corporation . . . privileges or immunities which upon the same terms shall not equally belong to all citizens, or corporations."

The Fourteenth Amendment states in relevant part, "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States . . . nor deny to any person within its jurisdiction the equal protection of the laws."

tionary review of a superior court's decision on RALJ appeal have no right to the assistance of counsel at public expense.

### Right to Verbatim Report of District Court Proceedings

█ We similarly hold that indigent petitioners have no right to the preparation of a verbatim report of district court proceedings at public expense. First, we disagree with Mills' contention that SCLRALJ 6.3A(h) conflicts with RALJ 6.3A(a). RALJ 6.3A provides:

> (a) **Transcript by Appellant.** Unless the superior court orders otherwise, the appellant shall transcribe the electronic recording of proceedings as provided in subsection (c) of this rule. The transcript shall be filed and served with the appellant's brief.
>
> . . . .
>
> (c) **Content of Transcript.** The transcript shall contain only those portions of the electronic recording necessary to present the issues raised on appeal . . . .
>
> . . . .
>
> (g) **Cost of Transcript.** Any cost or expense in preparing a transcript shall be borne by the party providing it. The expense may be allowed as a cost in accordance with rule 9.3.

█ Snohomish County's local rule, SCLRALJ 6.3A(h)(1), dispenses with the requirement of a verbatim report of the district court proceedings:

> (h) **Transcript Required.**
>
> (1) *Exceptions.* By order of the Superior Court no transcript of the electronic proceeding shall be required unless:
>
> 1. The appellant shall serve and file, together with the notice of appeal, a motion to prepare and file transcript;
>
> . . . .
>
> 3. The party filing and serving such motion notes the same for argument within ten (10) days thereafter.

Mills argues the statewide rule "presumptively requires a written transcript" while the local rule "essentially prevents transcription in cases where a RALJ appellant is indigent." We see no such discrepancy. RALJ 6.3A(a)'s introductory phrase, "[u]nless the superior court orders otherwise," gives to the local courts the discretion to decide RALJ appeals by reviewing the district court record in a format other than a written transcript; for example, by listening to audiotapes (which was apparently done in Mills' case, since both RALJ counsel cited to the tapes in their briefs). Contrary to Mills' assertion, Snohomish County's local practice is authorized by the statewide rule.

Mills next argues the local rule deprives indigent litigants of a fair opportunity to present motions for discretionary review in this Court. It is true RAP 9.1(b) requires that the report of any oral proceedings be transcribed in the form of a typewritten report. In addition, audiotapes of district court proceedings will not be accepted by this Court. *State v. Alfonso*, 41 Wn. App. 121, 124, 702 P.2d 1218 (1985). Nevertheless, the time limits for filing a report of proceedings do not begin to run until discretionary review has been *granted. Alfonso*, 41 Wn. App. at 123. Narrative, agreed, or verbatim reports of proceedings must be filed within 90 days after review is accepted. RAPs 9.3, 9.4, 9.5(a).

The rules, therefore, do not necessarily contemplate the use of a written verbatim report of proceedings to decide whether a motion for discretionary review should be accepted. In Mills' case, the superior court's challenged order of indigency allows Mills to request appointment of counsel and the preparation of a verbatim report at public expense if discretionary review is granted. This approach is perfectly consistent with RAP 9.5(a).

In some cases, of course — such as where the parties dispute the facts, the record contains insufficient facts to address a particular issue, or the RALJ order lacks meaningful discussion — a transcript is helpful in

determining whether review should be granted. But the rules provide alternatives to verbatim reports. For example, a motion for discretionary review should contain a statement of the facts and procedure relevant to the issues presented for review. RAP 17.3(b)(5). Additionally, parties may append not only conformed copies of the decision to be reviewed and relevant portions of the record, but also "other material which would assist the court in determining whether the motion should be granted." RAP 17.3(b)(8).

Therefore, parties are generally able to present a record sufficient to determine whether review should be granted. Mills' case is a good example. Mills has appended her RALJ brief, as well as the state's RALJ response brief, to her motion for discretionary review. Each RALJ brief refers to the relevant facts relied on to present the sentencing issues raised by Mills. The state's RALJ brief, in fact, includes two long quotations from statements made by the sentencing judge. Because the accuracy of these passages was not challenged by RALJ counsel, we presume the information is accurate and may be relied on in deciding whether to grant the motion for discretionary review. In fact, Mills has failed to articulate any specific need she may have for a transcript; she argues in generalities only.

Finally, Mills raises an equal protection challenge to Snohomish County's local practice. Citing to RALJ 6.3A, Mills states indigent RALJ litigants in other counties have a "right" to transcripts and that Snohomish County's practice unfairly deprives its litigants of a fair pursuit of discretionary review.

We disagree. There is nothing in this record to suggest RALJ cases are subject to less-thorough review simply because the superior court judge reviews a tape-recorded record rather than a written transcript. Presumably, the judges would change the local rule if they found review of tapes too onerous. As noted above, the rational basis test applies, and the local rule passes this test. Although we do

not know the county's objective in promulgating the rule, we presume the purpose is to save judicial time and resources. These are legitimate goals that are furthered by the rule. *See Conklin v. Shinpoch,* 107 Wn.2d 410, 423, 730 P.2d 643 (1986) (in combination, finite character of state funds, availability of other resources and administrative burden rational bases for distinguishing between persons eligible for general assistance benefits). The rule is, therefore, not "wholly irrelevant to achieving a legitimate . . . objective." *Runyan,* 121 Wn.2d at 449.

In addition, Snohomish County's practice does not necessarily impede access to this Court. While a transcript may be critical in some cases to establish a basis for review, in most cases it is not needed. Here, there is no basis for concluding that Mills' lack of a transcript has impeded her claim for review.

We affirm the trial court and hold that Mills was entitled to neither appointed counsel to assist her in filing a motion for discretionary review nor to a verbatim report of district court proceedings at public expense.

The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.