[Nos. 16454-3-III; 16521-3-III.   Division Three.   August 21, 1997.]

THE CITY OF RICHLAND, *Respondent*, v. GARY L. KIEHL, *Petitioner*.

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT J. BENNINGHOVEN, *Petitioner*.

*Kevin L. Holt*, for petitioner Kiehl.

*Jeffrey G. Compton* of *Spokane Public Defender's Office*, for petitioner Benninghoven.

*Jeffrey D. Torrey, City Attorney*, for respondent City of Richland.

*James R. Sweetser, Prosecuting Attorney for Spokane County, Kevin M. Korsmo, Deputy*, and *Pamela B. Loginsky, Deputy Prosecuting Attorney for Kitsap County*, for the State.

SWEENEY, C.J. — Robert J. Benninghoven and Gary L. Kiehl filed notices of discretionary review after unsuccessfully appealing district court decisions to the superior court. RAP 2.3(d). The superior court entered orders of indigency in both cases. In Benninghoven, the order waived the filing fee, but did not appoint counsel. In Kiehl, the order appointed counsel at public expense, but did not provide for waiver of the filing fee. Both matters came before the panel on this court's motion to determine whether to proceed at public expense or remand for entry of amended orders of indigency. The court requested briefing by all parties on the questions of whether petitioners were entitled to appointment of counsel at public expense to proceed with their motions for discretionary review and whether each was entitled to waiver of the court's filing fee.

The first question follows a decision by Division One

that indigent criminal defendants are not entitled to appointment of counsel under RCW 10.73.150, and RCW 10.73.150 does not violate the right to equal protection of laws. *State v. Mills*, 85 Wn. App. 285, 932 P.2d 192 (1997). We agree with the rationale and conclusion reached in *Mills* and therefore also hold that an indigent criminal defendant is not entitled to appointment of counsel at public expense until and unless a motion for discretionary review of a RALJ decision is granted by the appellate court. As to the question of waiver of the court's filing fee, we hold an indigent criminal defendant is entitled to waiver of the filing fee for review of a RALJ decision by the appellate court.

## DISCUSSION

*Expanded Right to Counsel — Washington State Constitution.* Petitioners first argue that Washington's constitution contemplates an expanded "right to appeal in all cases." Const. art. I, § 22 (amend. 10); *State v. Sweet*, 90 Wn.2d 282, 286, 581 P.2d 579 (1978). Their argument, reduced to its essence, is that article I, section 12 of our constitution confers greater protection of the right to appeal than does its federal counterpart, the Fourteenth Amendment. The argument necessarily assumes that the "privileges and immunities" clause in article I, section 12 extends the right to appeal contained in article I, section 22 to appeals beyond the first appeal, as a matter of right. That assumption is wrong.

Our Supreme Court has held that the privileges and immunities clause of the Washington Constitution, article I, section 12, is construed and applied similarly to the equal protection clause of the Fourteenth Amendment of the United States Constitution. "[T]he rights guaranteed by the equal protection clause of the Fourteenth Amendment and this state's privileges and immunities clause, Const. art. I, § 12, are substantially identical." *In re Dependency of Grove*, 127 Wn.2d 221, 239, 897 P.2d 1252

(1995); *State v. Shawn P.*, 122 Wn.2d 553, 559-60, 859 P.2d 1220 (1993). And the court in *Mills* so held. *Mills*, 85 Wn. App. at 292. Looking then to the United States Supreme Court's construction of the Fourteenth Amendment, we find no constitutional right to appointment of counsel for discretionary review. *Ross v. Moffitt*, 417 U.S. 600, 612, 616, 94 S. Ct. 2437, 41 L. Ed. 2d 341 (1974).

■ Does RCW 10.73.150 Conflict with RAP 15.2(d)? Article IV, section 1 of the Washington State Constitution authorizes the Washington State Supreme Court to establish rules governing court procedures. *City of Seattle v. Hesler*, 98 Wn.2d 73, 80, 653 P.2d 631 (1982). RAP 15 sets out guidelines for determining both indigency and procedures for appointing counsel for indigent defendants. But the rule specifically provides that "[t]he order of indigency shall appoint counsel if the party is entitled to counsel on review at public expense." RAP 15.2(d).

RCW 10.73.150 expanded the right to counsel beyond the constitutional requirement of a first appeal. RCW 10.73.150 is not a "procedural statute." The statute confers a substantive right to counsel beyond that required by our constitution. *Mills*, 85 Wn. App. at 290. And that is a uniquely legislative prerogative. *See Grove*, 127 Wn.2d at 236.

■ Equal Protection. Petitioners next argue that the statute denies them equal protection of laws. Having concluded that there is no constitutional right to counsel for a discretionary appeal, the appropriate constitutional standard of review is the rational basis test. *Mills*, 85 Wn. App. at 291. This statute has a rational basis. It distinguishes between appointment of counsel based not on wealth but rather on the nature of the appeal being prosecuted. The statute requires appointment of counsel if an indigent defendant is forced to respond to an appeal filed by the State.

■ Statutory Right to Appointment of Counsel. Petitioners next argue that by adopting RCW 10.73.160 (relating

to payment of costs and fees of indigents) and RCW 10.73.150 the Legislature intended to expand the right to counsel. But the language of RCW 10.73.150 is clear and therefore does not need to be construed. *State v. Wilson*, 125 Wn.2d 212, 217, 883 P.2d 320 (1994). It does not authorize the appointment of counsel for indigent defendants beyond the first appeal as a matter of right except if the State appeals, the appeal is from a death sentence, or after the court accepts review. RCW 10.73.150.

Discretionary Use of Unused Public Funds for Counsel. Mr. Kiehl argues that because he did not exercise his right to appointed counsel in the trial courts, he should have the right to apply that unused expense in this discretionary appeal. He offers no specific reason why his use of retained counsel in the lower courts should give him an expanded right to appointed counsel in the Court of Appeals. And we can think of none.

Filing Fees. Neither the State nor the City of Richland takes the position that court filing fees should not be waived for an indigent criminal defendant. In fact, if the fee for filing a notice of discretionary review could not be waived, an indigent litigant would thereby be deprived of the opportunity to present a motion for discretionary review to an appellate court. In this regard, the issue of the filing fee is unlike the appointment of counsel and payment for transcripts addressed in *Mills*.

We hold that the court may use its inherent power to waive fees for an indigent criminal defendant who seeks discretionary review of a RALJ decision in an appellate court. *See Grove*, 127 Wn.2d at 238.

Right to Verbatim Report of Proceedings. Finally, the State and City of Richland argue that petitioners are not entitled to verbatim reports of proceedings at public expense. The question is outside the scope of this court's request for additional briefing. Petitioners have neither briefed nor argued the question and accordingly we decline to consider the issue. *State v. Dennison*, 115 Wn.2d 609, 629, 801 P.2d 193 (1990).

Having decided that an indigent RALJ petitioner is not entitled to appointment of counsel at public expense until and unless the Court of Appeals grants a motion for discretionary review, but that such petitioner is entitled to a waiver of the filing fee, we remand the Kiehl matter to the superior court for entry of an order of indigency in accordance with this opinion. The Benninghoven matter shall proceed with the motion for discretionary review.

SCHULTHEIS and BROWN, JJ., concur.