# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49658-5-II |
| Respondent, | |
| v. | |
| MARC ANTHONY GRUBB, JR., | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. – Marc Anthony Grubb Jr. appeals from his juvenile court disposition order finding him guilty of attempted first degree rape of a child and first degree child molestation. Grubb's court-appointed attorney has filed a motion to withdraw on the ground that there is no basis for a good faith argument on review. We grant the motion to withdraw and dismiss the appeal.

Pursuant to *State v. Theobald*, 78 Wn.2d 184, 185, 470 P.2d 188 (1970), and *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), the motion to withdraw must

> "be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; ***the court-not counsel-then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.***"

*State v. Hairston*, 133 Wn.2d 534, 538, 946 P.2d 397 (1997) (quoting *Anders*, 386 U.S. at 744). This procedure has been followed.[1] Grubb's counsel on appeal filed a brief with the motion to withdraw. Grubb was served with a copy of the brief and informed of his right to file a statement of additional grounds for review.

The material facts are accurately set forth in counsel's brief in support of the motion to withdraw. We have reviewed the briefs filed in this court and have independently reviewed the entire record. We specifically considered the following potential issues raised by counsel:

1. Whether appellate counsel provided ineffective assistance by failing to request a continuance when the State requested to amend the information.

2. Whether the trial court erred in admitting child hearsay.

3. Whether the trial court erred in admitting Grubb's statement to police.

4. Whether convictions for first degree rape of a child and first degree child molestation violate double jeopardy.

First, to establish ineffective assistance of counsel, Grubb must demonstrate both that defense counsel's representation was deficient and that the deficient representation prejudiced him. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). Here, the State filed an amended information on September 6, 2016 that added a first degree child molestation charge. Trial commenced on September 6, 2016 and then recessed until September 20. Defense counsel stated on the record that he was prepared to proceed to trial. Our record shows defense counsel

---

[1] Relying on *State v. Folden*, 53 Wn. App. 426, 427-28, 767 P.2d 589, *review denied*, 112 Wn.2d 1022 (1989) and *State v. Rolax*, 104 Wn.2d 129, 135-36, 702 P.2d 1185 (1985), the State argues there is an additional step that defense counsel must take when filing an *Anders* brief. These cases, however, concern steps necessary when there is a motion on the merits. This case is not being decided as a motion on the merits.

was prepared to cross-examine the State's witnesses, objected at appropriate times, called defense witnesses, and made closing remarks. There is no showing of deficient performance or prejudice to support an ineffective assistance of counsel claim.

Second, we review the trial court's decision to admit child hearsay evidence for an abuse of discretion. *State v. Borboa*, 157 Wn.2d 108, 121, 135 P.3d 469 (2006). *State v. Ryan*, 103 Wn.2d 165, 175-76, 691 P.2d 197 (1984) provides nine factors to guide our analysis in assessing the reliability of the child's out-of-court statement. The *Ryan* factors are the following:

> "(1) [W]hether there is an apparent motive to lie; (2) the general character of the declarant; (3) whether more than one person heard the statements; (4) whether the statements were made spontaneously; . . . (5) the timing of the declaration and the relationship between the declarant and the witness"[;] . . . [(6)] the [lack of any] express assertion about past fact[; (7) whether] cross-examination could not show the declarant's lack of knowledge[; (8) whether] the possibility of the declarant's faulty recollection is remote[; and (9) whether] the circumstances surrounding the statement . . . are such that there is no reason to suppose the declarant misrepresented defendant's involvement.[2]

*Id.* (quoting *State v. Parris*, 98 Wn.2d 140, 146, 654 P.2d 77 (1982) and citing *Dutton v. Evans*, 400 U.S. 74, 88-89, 91 S. Ct. 210, 27 L. Ed. 2d 213 (1970)). Not every factor needs to be met for a statement to be sufficiently reliable; the factors need only be "'substantially met.'" *State v. Woods*, 154 Wn.2d 613, 623-24, 114 P.3d 1174 (2005) (quoting *State v. Swan*, 114 Wn.2d 613, 652, 790 P.2d 610 (1990), *cert. denied*, 498 U.S. 1046 (1991)).

---

[2] Factors six and seven no longer apply. *See State v. Leavitt*, 111 Wn.2d 66, 75, 758 P.2d 982 (1988) (every statement a child makes concerning sexual abuse will be a statement relating a past fact.); *State v. Stange*, 53 Wn. App. 638, 647, 769 P.2d 873, *review denied*, 113 Wn.2d 1007 (1989) (cross-examination could in every case possibly show error in the child hearsay statement).

Here, the trial court went through each *Ryan* factor and found each one was met. Tenable grounds, therefore, support the trial court's ruling to allow child hearsay evidence. Thus, there was no abuse of discretion.

Third, we review the trial court's decision to admit Grubb's statement by reviewing the trial court's CrR 3.5 findings of fact for substantial evidence and review de novo whether the findings support the conclusions of law. *State v. Radcliffe*, 164 Wn.2d 900, 907, 194 P.3d 250 (2008). Our record shows the facts were undisputed. The investigating officer read Grubb his *Miranda*[3] rights from a preprinted card. Grubb acknowledged understanding his rights as each was read to him. And Grubb initialed and signed the *Miranda* waiver form to signify that he understood his rights and wanted to waive them. Grubb never requested an attorney, never stated that he wanted to stop answering questions, and never appeared confused. Grubb was not threatened, and he appeared to understand and track the investigating officer's statements and questions. Because Grubb indicated he understood his rights, and knowingly and voluntarily waived those rights before giving a statement to the investigating officer, the trial court properly concluded that Grubb's statement was admissible.

Fourth, we review double jeopardy claims de novo. *State v. Villanueva-Gonzalez*, 180 Wn.2d 975, 979-80, 329 P.3d 78 (2014). Because attempted child rape involves attempted penetration and child molestation involves the touching of sexual parts for sexual gratification, the two offenses do not violate double jeopardy. *State v. Land*, 172 Wn. App. 593, 600, 295 P.3d 782, *review denied*, 177 Wn.2d 1016 (2013).

---

[3] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

No. 49658-5-II

Based on the above, the potential issues raised by counsel are wholly frivolous. The motion to withdraw is granted and the appeal is dismissed.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Worswick, P.J.

Sutton, J.

5