[Nos. 23589-7-II; 24766-6-II. Division Two. December 10, 1999.]

THE STATE OF WASHINGTON, *Respondent,* v. SYLVESTER MAHONE, *Appellant.*

---

*Sylvester J. Mahone,* pro se.

*Lise Ellner,* for appellant (appointed counsel for appeal).

*John W. Ladenburg, Prosecuting Attorney,* and *Kathleen Proctor, Deputy,* for respondent.

BRIDGEWATER, C.J. — This appeal and motion for discretionary review came before a panel of judges pursuant to a motion to modify a commissioner's ruling, RAP 17.7. The judges agree with the ruling and hereby deny the motion to modify. Because the case appears to have value as precedent, the court adopts Commissioner Meath's ruling and directs that it be published as the opinion of the court, as set forth hereinafter.

Sylvester Mahone filed a notice of appeal challenging a July 14, 1998 Pierce County Superior Court order that amended his judgment and sentence to reflect appeal costs awarded by this court. (No. 23589-7-II). Subsequently, the Department of Assigned Counsel (DAC) appeared on Mahone's behalf and sought appointment of counsel and transcription fees at public expense. Mahone also sought a remission of costs. RCW 10.73.160(4). The trial court denied all motions and Mahone, through DAC, seeks discretionary review of that portion of the order denying his motion for appointment of counsel at public expense.[1] (No. 24766-6-II). In addition, this court questioned whether the trial court's ruling on a motion for remission of costs under RCW 10.73.160 is subject to appeal as a matter of right.

## BACKGROUND FACTS

Mahone appealed trial court orders denying two motions seeking a withdrawal of a guilty plea to murder in the

---

[1] RAP 15.2(g).

second degree. This court affirmed. As the prevailing party, the State sought, and this court awarded, $1,453.25 in appellate costs. RCW 10. 73.160.[2]

After this court issued the mandate, the State filed a motion in the trial court to effect RCW 10.73.160(3) by making the award of costs part of the trial court judgment and sentence. The trial court added the costs to the judgment and sentence without appearance by either Mahone or his counsel.[3] Acting pro se, Mahone filed a notice of appeal on July 21, 1998. (No. 23589-7-II). Mahone had difficulty obtaining an order of indigency and the appeal languished. Ultimately, DAC assisted Mahone by filing a motion for an order of indigency so he could appeal the amended judgment. One week later, again with the assistance of DAC, Mahone also filed a motion in the trial court seeking remission of appellate costs. RCW 10.73.160(4).

The trial court ruled that when it made the appellate costs a part of the judgment and sentence it acted in a purely ministerial manner. In other words, it exercised no discretion when carrying out the mandate. Thus, the trial court held that Mahone could not appeal that act and, therefore, was not entitled to counsel at public expense.[4] The trial court also denied Mahone's motion to remit costs. The court determined that Mahone did not show how payment would constitute a manifest hardship. Mahone filed

---

[2]RCW 10.73.160(1) provides that "[t]he court of appeals . . . may require an adult or a juvenile convicted of an offense . . . to pay appellate costs." The statute further provides that any such award "shall become part of the trial court judgment and sentence." RCW 10.73.160(3). Once costs are awarded, a defendant may petition the trial court at any time to remit such costs when payment imposes a manifest hardship on the defendant. RCW 10.73.160(4).

[3]Although RCW 10.73.160(3) states that an award of costs "shall become part of the trial court judgment and sentence," the trial court entered an order "amending" the judgment to reflect the costs awarded by this court. The parties use the word "amendment" when referring to the trial court's action of carrying out this court's mandate and the requirements of RCW 10.73.160(3). In order to avoid confusion, this court will refer to the trial court's action of imposing the mandated appellate costs as the "amended judgment."

[4]This court will address the issue of counsel at public expense as it applies to the amended judgment, the motion for remission, and review of the denial of a motion for remission.

for discretionary review of the court's denial of counsel at public expense, RAP 15.2(g).[5] (No. 24766-6-II). This court questioned whether the denial of a motion for remission of costs under RCW 10.73.160(4) is subject to appeal as a matter of right.

## AMENDMENT OF JUDGMENT TO REFLECT COSTS

 Initially, Mahone challenged the amendment of the judgment and sentence to include appeal costs awarded by this court (No. 23589-7-II). He now concedes, as he must, that this action is not appealable. It was the Court of Appeals that decided whether to award costs and the amount of costs awarded. The trial court merely made this court's award of costs a part of the judgment and sentence. The trial court acted in accord with this court's mandate and the requirement of RCW 10.73.160(3). It exercised no discretion. See *Harp v. American Sur. Co.*, 50 Wn.2d 365, 368, 311 P.2d 988 (1957). Because the amendment of the judgment and sentence is not appealable, the trial court correctly ruled that Mahone was not entitled to publicly funded counsel to challenge or appeal that action. See RCW 10.73.150.

## MOTION SEEKING REMISSION

 Mahone is not entitled to publicly funded counsel to file a motion for remission. See *City of Richland v. Kiehl*, 87 Wn. App. 418, 422-23, 942 P.2d 988 (1997). Unless authorized by RCW 10.73.150, Mahone is not entitled to the appointment of counsel beyond the first appeal as a matter of right. *City of Richland*, 87 Wn. App. at 423. In essence, when Mahone filed a motion for remission of costs awarded by this court and made part of the judgment and sentence, he sought relief from a judgment. Whether his action is called a collateral attack or simply a motion seeking relief from a judgment, the result, in terms of counsel at state

---

[5]RAP 15.2(g) provides that review of an order granting or denying an order of indigency "must be sought by a motion for discretionary review."

expense, is the same. A motion seeking remission does not fit within the rights to counsel set forth in RCW 10.73.150.[6] Therefore, Mahone is not entitled to counsel to file a motion seeking remission, and the publicly funded DAC acted without authority by filing the motion on his behalf.

## REVIEW OF ORDER DENYING MOTION SEEKING REMISSION

Mahone argues that the trial court order denying his motion for remission is appealable as a matter of right. Mahone contends that the order is a final order, RAP 2.2(a)(1), in that the order stands absent a change in circumstances. The State counters that the order denying remission is not appealable because it does not have sufficient finality. The State points to Mahone's statutory right to seek remission at any time. RCW 10.73.160(4).[7] The issue of appealability is relevant in this case because Mahone cannot receive counsel at public expense if the matter is not appealable.

■ This court need not determine, at this time, whether the matter is appealable or subject to discretionary review because Mahone is not aggrieved by the order denying remission. Only an aggrieved party may seek review. RAP 3.1. "An aggrieved party is one who has a 'present, substantial interest, as distinguished from a mere expectancy, or . . . contingent interest' in the subject matter." *Tinker v. Kent Gypsum Supply, Inc.*, 95 Wn. App. 761, 764, 977 P.2d 627 (quoting *Primark, Inc. v. Burien Gardens Assocs.*, 63 Wn. App. 900, 907, 823 P.2d 1116 (1992)), *review denied*, 139 Wn.2d 1008 (1999). "The mere fact that one may be hurt in his feelings, or be disappointed over a certain result . . . does not entitle him to appeal. He must

---

[6]Because RCW 10.73.150 expands the right to counsel beyond constitutional limitations, *State v. Mills*, 85 Wn. App. 285, 290, 932 P.2d 192 (1997), any grant of counsel under the statute is limited and uniquely within the power of the Legislature. *City of Richland*, 87 Wn. App. at 423.

[7]This court also considered supplemental briefing on the issue of appealability under RAP 2.2(a)(9). Both sides make strong arguments, but, as seen below, any consideration of appealability as a matter of right is premature.

be 'aggrieved' in a legal sense." *State ex rel. Simeon v. Superior Court*, 20 Wn.2d 88, 90, 145 P.2d 1017 (1944).

 Before Mahone is aggrieved, as defined in RAP 3.1, two things must happen. It must be determined that he has the ability to pay and the State must proceed to enforce the judgment for costs. Until such time as the State determines he has the ability to pay and enforces payment of the costs assessed against him, any attempt to determine whether payment will create a hardship is mere speculation. *State v. Blank*, 131 Wn.2d 230, 242, 930 P.2d 1213 (1997) (determination of ability to pay not required to enter costs award because it is nearly impossible to forecast ability to pay over period of incarceration). As stated by our Supreme Court, the relevant time to assess ability to pay is at the point of collection. *Id.* at 242 (only at the point of collection are constitutional principles of fairness ripe for review). Further, the *Blank* court held that "before enforced collection or any sanction is imposed for nonpayment, there must be an inquiry into ability to pay." *Id.*

Here, Mahone has not suffered a substantial injury to his pecuniary interest for two reasons. First, before the State can enforce payment, the State must assess his ability to pay at that time. *Id.* Second, he may seek remission at any time. RCW 10.73.160(4). Although the trial court denied Mahone's motion to remit costs, he suffers no concrete injury until the State seeks to enforce payment and contemporaneously determines his ability to pay. Only at that time does granting or denying a motion to remit costs under RCW 10.73.160 affect a defendant's substantial interests. When that time comes, this court will determine whether Mahone has a right to review.

In summary, Mahone is not entitled to appeal the July 14, 1998 amendment to the judgment and sentence resulting from this court's mandate to enter appellate costs. Mahone is not entitled to counsel at State expense to pursue a motion seeking remission. At this time, Mahone is not entitled to counsel at State expense to seek review of the

denial of his motion for remission. He is not an aggrieved party until the State seeks to enforce the award of costs and it is determined that Mahone has the ability to pay.

The July 14, 1998 order amending judgment is not appealable, and No. 23589-7-II is dismissed. Mahone is not entitled to counsel at state expense to seek remission or to pursue review of the order denying remission. Discretionary review of No. 24766-6-II is denied. Appellate review of the order denying the motion for remission, whether by appeal or discretionary review, is denied in that Mahone is not an aggrieved party.

SEINFELD and HOUGHTON, JJ., concur.