165 P.3d 35 (2007)
STATE of Washington, Respondent,
v.
Larry Edward TARRER, Appellant.
No. 34852-7-II.
Court of Appeals of Washington, Division 2.
August 14, 2007.
John Martin Neeb, Tacoma, WA, for Respondent.
Sheri Lynn Arnold, Tacoma, WA, for Appellant.
VAN DEREN, A.C.J.
¶ 1 Larry Edward Tarrer, who prevailed *36 on his Criminal Rule (CrR) 7.8[1] motion to vacate his conviction for second degree murder, seeks review of the trial court's order vacating his sentence under In re Pers. Restraint of Andress, 147 Wash.2d 602, 604, 56 P.3d 981 (2002) and In re Pers. Restraint of Hinton, 152 Wash.2d 853, 858, 100 P.3d 801 (2004), arguing that he is nonetheless entitled to specific performance of his plea agreement with the State. We dismiss his appeal because he is not an aggrieved party and remand for further proceedings consistent with this opinion and our opinion in State v. Tarrer, noted at 130 Wash.App. 1010, 2005 WL 2746678.

FACTS
¶ 2 Tarrer pleaded guilty to amended charges of second degree felony murder predicated on assault and to first degree assault of a second victim and on November 21, 1991, judgment was entered. In October 2002, the Washington Supreme Court issued Andress, holding that under former RCW 9A.32.050 (1976), a conviction of second degree felony murder could not be based on an assault predicate. 147 Wash.2d at 604, 56 P.3d 981. On July 14, 2004, Tarrer moved under CrR 7.8 to vacate his conviction. On August 10, the trial court denied the CrR 7.8 motion and Tarrer appealed. After our Supreme Court's decision in Hinton, we reversed the trial court's ruling and remanded "for further proceedings consistent with Andress, Hinton, and [our] decision." Tarrer, 130 Wash.App. 1010, 2005 WL 2746678, at *2.
¶ 3 Before the hearing on Tarrer's remanded motion to vacate his conviction, his counsel filed a brief requesting that Tarrer's conviction be vacated and that the trial court order specific performance of the plea agreement based on the alternative crime of intentional second degree murder. At the hearing on Tarrer's motion to vacate his conviction, Tarrer's counsel conceded that Tarrer's original guilty plea had to be withdrawn in order for Tarrer's conviction to be vacated, stating that Tarrer was now willing to plead guilty to second degree murder and first degree assault. But the State had never charged Tarrer with intentional second degree murder and Tarrer had not entered a guilty plea to that crime. The State did agree that Tarrer was entitled to the relief from conviction that he sought in his original CrR 7.8 motion. The trial court granted Tarrer's motion to vacate and the State's motion to withdraw the amended information filed at the time of the plea. Tarrer sought discretionary review of the trial court's orders and was granted direct review, under RAP 2.2(a)(10),[2] of the trial court's order granting his motion to vacate his conviction. On appeal he argues that "the trial court erred in denying [his] motion for specific performance of his plea agreement." Br. of Appellant at 13.

ANALYSIS
¶ 4 The State argues that Tarrer's appeal should be dismissed because he prevailed on his motion to vacate conviction at the trial court level. We agree.
¶ 5 The rules of appellate procedure provide two methods for seeking review of a trial court's decision: "review as a matter of right, called appeal" and "discretionary review." RAP 2.1(a). A trial court's ruling on a motion to vacate judgment is reviewable as a matter of right. RAP 2.2(a)(10). But only an "aggrieved party may seek review by the appellate court." RAP 3.1. An aggrieved party must have a present substantial interest in the subject matter of the appeal and he must be aggrieved "in a legal sense." State v. Mahone, 98 Wash.App. 342, 347-48, 989 P.2d 583 (1999). Moreover, a party is not entitled to seek review of an issue by a higher court when it prevails on that issue below. See State v. Alexander, 125 Wash.2d 717, 721 n. 6, 888 P.2d 1169 (1995) (The State is "not entitled to seek review of the issue by [the Supreme Court] *37 since it prevailed on this issue before the Court of Appeals.").
¶ 6 Tarrer sought to have his conviction vacated in the trial court under CrR 7.8. He successfully appealed the trial court's denial of his motion. Tarrer, 130 Wash.App. 1010, 2005 WL 2746678, at *2. We remanded to the trial court for a ruling consistent with Andress and Hinton and the trial court granted Tarrer's requested relief.
¶ 7 Tarrer now contends, contrary to his original CrR 7.8 motion, that he wanted the trial court to vacate his conviction but leave his guilty plea intact. But to vacate a conviction based on a guilty plea necessarily requires that the plea also be withdrawn. There is no dispute that Tarrer's conviction was invalid because he pleaded guilty to a non-existent crime  second degree felony murder predicated on assault  as he argued in his CrR 7.8 motion. "If the plea was not valid when entered, the trial court must set it aside." State v. DeRosia, 124 Wash.App. 138, 149, 100 P.3d 331 (2004) (citation omitted). Tarrer prevailed on his appeal and cannot claim that he is aggrieved by the trial court's implementation of our order on remand.[3]
¶ 8 Accordingly, we dismiss Tarrer's appeal and remand his case to the trial court for further proceedings consistent with this opinion and our opinion in Tarrer, noted at 130 Wash.App. 1010, 2005 WL 2746678.
¶ 9 We affirm.
We concur: BRIDGEWATER and HUNT, JJ.
NOTES
[1] CrR 7.8(b)(4) provides: "On motion and upon such terms as are just, the court may relieve a party from a final judgment, order, or proceeding for the following [reason]: . . . [t]he judgment is void."
[2] RAP 2.2(a)(10) provides: "Generally. Unless otherwise prohibited by statute or court rule . . . a party may appeal from only the following superior court [decision]: . . . [a]n order granting or denying a motion to vacate a judgment."
[3] We note that the Washington Supreme Court recently stated that a party "likely lack[s] standing to [appeal where] they are not an aggrieved party under RAP 3.1[.]" Madison v. State, No. 78598-8, ___ Wash. ____, 163 P.3d 757, 2007 WL 2128346, at *12 (Wash. July 26, 2007).