[Nos. 26338-0-III; 26339-8-III.   Division Three.   May 29, 2008.]

THE STATE OF WASHINGTON, *Respondent*, v. THOMAS MELVIN CROOK, *Appellant*.

*Janet G. Gemberling* (of *Gemberling & Dooris, PS*), for appellant.

*Steven J. Tucker, Prosecuting Attorney,* and *Andrew J. Metts III, Deputy,* for respondent.

¶1 BROWN, J. — Thomas Crook appeals the superior court's denial of his motion for remission of payment of costs, ordered as part of his 2001 and 2006 judgments and sentences, contending the court erred in failing to hold a factual hearing to assess his financial situation. He argues a hearing is appropriate since the Department of Corrections is withholding a percentage of his inmate wages for repayment of his legal financial obligations. We affirm.

## FACTS

¶2 In 2001 and 2006, the superior court ordered Mr. Crook to pay costs associated with his separate criminal convictions. In 2007, while incarcerated, Mr. Crook moved pro se for relief from payment and termination of his legal financial obligations as an undue burden on himself and his family. According to Mr. Crook, the Department of Corrections is deducting a portion of his inmate wages to contribute to his legal financial obligations. The superior court denied Mr. Crook's motions without a facts hearing. Mr. Crook appeals. His appeals were consolidated.

## ANALYSIS

¶3 The issue is whether the superior court erred in denying Mr. Crook's motion for remission of payment of his legal financial obligations. Mr. Crook contends he is entitled to a hearing under RCW 10.01.160(3), to determine his financial resources and the nature of the burden that payment imposes since the department is deducting a portion of his inmate wages for repayment of his legal financial obligations.

¶4 We review issues of law de novo. *State v. Johnson*, 132 Wn. App. 454, 459, 132 P.3d 767 (2006), *review denied*, 159 Wn.2d 1002 (2007). Under RCW 10.01.160, a court "may [order] a [criminal] defendant to pay costs . . . incurred by the [S]tate in prosecuting the defendant." RCW 10.01.160(1), (2). Inquiry into the defendant's ability to pay is appropriate only when the State enforces collection under the judgment or imposes sanctions for nonpayment; a defendant's indigent status at the time of sentencing does not bar an award of costs. *State v. Mahone*, 98 Wn. App. 342, 348, 989 P.2d 583 (1999); *State v. Blank*, 131 Wn.2d 230, 242, 252-53, 930 P.2d 1213 (1997); *State v. Curry*, 62 Wn. App. 676, 681, 814 P.2d 1252 (1991), *aff'd*, 118 Wn.2d 911, 829 P.2d 166 (1992). " '[C]onstitutional principles will be implicated . . . only if the government seeks to enforce collection of the [costs] at a time when [the defendant is] unable, through no fault of his own, to comply.' " *Curry*, 62 Wn. App. at 681 (alterations in original) (internal quotation marks omitted) (quoting *United States v. Pagan*, 785 F.2d 378, 381 (2d Cir. 1986)). " 'It is at the point of enforced collection . . . , where an indigent may be faced with the alternatives of payment or imprisonment, that he may assert a constitutional objection on the ground of his indigency.' " *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Pagan*, 785 F.2d at 382).

¶5 Mandatory Department of Corrections deductions from inmate wages for repayment of legal financial

obligations are not collection actions by the State requiring inquiry into a defendant's financial status. RCW 10.01-.160(3); RCW 72.11.020; RCW 72.09.111(1); *Mahone*, 98 Wn. App. at 348; *Blank*, 131 Wn.2d at 242. Statutory guidelines set forth specific formulas allowing for fluctuating amounts to be withheld, based on designated percentages and inmate account balances, assuring inmate accounts are not reduced below indigency levels. RCW 72-.11.020; RCW 72.09.111(1), .015(12).

¶6 Based on this record, Mr. Crook fails to show the court erred in denying his motion without a facts hearing. Further, Mr. Crook does not allege the department is withholding an amount in excess of the statutory guidelines, and he does not challenge the department's statutes for failure to require a hearing.

¶7 Affirmed.

KULIK, A.C.J., and SWEENEY, J., concur.

Review denied at 165 Wn.2d 1044 (2009).