[Nos. 62243-9-I; 62248-0-I.   Division One.   September 21, 2009.]

THE STATE OF WASHINGTON, *Respondent*, v. BARRY J. SMITS, *Appellant*.

---

[35] CABR, Ex. 7.

*Eric J. Nielsen* (of *Nielsen, Broman & Koch, PLLC*), for appellant.

*David S. McEachran, Prosecuting Attorney*, and *James T. Hulbert, Hilary A. Thomas*, and *Kimberly A. Thulin, Deputies*, for respondent.

¶1 SCHINDLER, C.J. — Barry Smits filed notices of appeal from the superior court decision to deny his motions under RCW 10.01.160(4) to terminate legal financial obligations (LFOs) that were imposed as part of the judgment and sentence of two criminal convictions. We hold that Smits does not have a right to appeal the denial of his motions. In addition, as in *State v. Mahone*, 98 Wn. App. 342, 989 P.2d 583 (1999), we hold that Smits is not entitled to review because he is not an aggrieved party under RAP 3.1. Accordingly, we deny Smits's motion to modify the commissioner's ruling dismissing the appeals.

## FACTS

¶2 Smits was convicted of a felony in 2005 and in 2007, Whatcom County Superior Court cause no. 05-1-01861-8 and cause no. 07-1-01662-0. The court imposed LFOs as part of the judgment and sentence for the two felony convictions.

¶3 Sometime in 2008, Smits filed motions to terminate the LFOs the court imposed in the 2005 and the 2007

judgment and sentence. The court held a hearing and entered separate orders denying the "Defendant's Motion to Terminate Legal Financial Obligations." Smits filed notices of appeal.

¶4 Because it appeared the decisions were not appealable, this court set a hearing to determine whether Smits had a right to appeal. Smits argued that he was entitled to appeal the decisions under the Rules of Appellate Procedure (RAP), specifically, as a final judgment under RAP 2.2(a)(1), and as an order granting or denying a motion to amend or vacate under RAP 2.2(a)(9) and (10).

¶5 The commissioner ruled Smits did not have a right to appeal under RAP 2.2(a) and dismissed the appeals. The ruling states in pertinent part:

> The denial of a motion to waive or terminate LFO's is not a final judgment appealable under RAP 2.2(a)(1), a denial of a motion to amend or to vacate the judgment and sentence, appealable under RAP 2.2(a)(9) or (10), or a final order after judgment which affects a substantial right, appealable under RAP 2.2(a)(13). Granting a motion to waive or terminate legal financial obligations would not change the amount he has been ordered to pay. Rather it would relieve him from the obligation of completing payment or alter the terms of payment. Regardless of how it is titled, a motion to change the payment requirements for LFOs is not truly a motion to amend. Nor is the order a "final" order because Smits is permitted to move for remission of his obligations at any time, regardless of whether his previous requests have been denied. RCW 10.01.160(4). . . .
>
> . . . Because the motion to waive or terminate legal financial obligations is not truly a motion to amend the judgment and because the trial court's decision denying relief is not the final word on legal financial obligations, it does appear that Smits's only recourse is discretionary review. Smits has not made any argument for discretionary review. Accordingly, these matters will be dismissed.[1]

---

[1] Commissioner's Ruling, *State v. Smits*, Nos. 62243-9-I and 62248-0-I (Wash. Ct. App. Oct. 13, 2008).

Smits filed a motion to modify the commissioner's ruling, which the court referred to a three judge panel for oral argument.[2]

## DECISION

¶6 Smits filed his motions to terminate the LFOs imposed as part of the 2005 and 2007 judgment and sentence under RCW 10.01.160(4). There is no published case that addresses the question of whether a defendant has a right to appeal a decision denying such a motion. When a party moves to modify a commissioner's ruling, we review the issue de novo. *State v. Nolan*, 98 Wn. App. 75, 78, 988 P.2d 473 (1999).

¶7 The allowance and recovery of costs was unknown at common law and therefore is entirely statutory. *Nolan*, 98 Wn. App. at 78-79. In 1975, the legislature enacted RCW 10.01.160. RCW 10.01.160 allows courts to require an indigent defendant convicted of a felony to pay court costs, including recoupment of fees for court appointed counsel. RCW 10.73.160(1). The statute was modeled on an identical Oregon statute, former Or. Rev. Stat. § 161.665 (1971), that allowed the court to order an indigent defendant to repay the costs of appointed counsel. *Utter v. Dep't of Soc. & Health Servs.*, 140 Wn. App. 293, 303, 165 P.3d 399 (2007).

¶8 In *Fuller v. Oregon*, 417 U.S. 40, 94 S. Ct. 2116, 40 L. Ed. 2d 642 (1974), the United States Supreme Court upheld the Oregon statute based on the inclusion of procedural and substantive safeguards that were designed to protect the rights of indigent defendants while authorizing reimbursement from defendants who had the ability to repay the court costs:

Unlike the statutes found invalid . . . where the provisions "had no other purpose or effect than to chill the assertion of

---

[2] In the motion to modify, Smits abandoned his argument that the decisions are appealable under RAP 2.2(a)(10), and we do not address it.

constitutional rights by penalizing those who choose to exercise them," [*United States v. Jackson*, 390 U.S. 570,] 581, [88 S. Ct. 1209, 20 L. Ed. 2d 138 (1968),] Oregon's recoupment statute merely provides that a convicted person who later becomes able to pay for his counsel may be required to do so. Oregon's legislation is tailored to impose an obligation only upon those with a foreseeable ability to meet it, and to enforce that obligation only against those who actually become able to meet it without hardship.

[Oregon's] recoupment statute is quite clearly directed only at those convicted defendants who are indigent at the time of the criminal proceedings against them but who subsequently gain the ability to pay the expenses of legal representation. Defendants with no likelihood of having the means to repay are not put under even a conditional obligation to do so, and those upon whom a conditional obligation is imposed are not subject to collection procedures until their indigency has ended and no "manifest hardship" will result.

417 U.S. at 53-54, 46.

¶9 In *State v. Barklind*, 87 Wn.2d 814, 557 P.2d 314 (1976), our Supreme Court applied *Fuller* in upholding a trial court's decision to order a convicted defendant to pay the costs for appointed counsel. The court held the order met the procedural and substantive safeguards identified in *Fuller*. The *Barklind* court also noted the recent enactment of RCW 10.01.160 and held that the statute met the constitutional requirements of *Fuller*. The *Barklind* court identified the procedural and substance requirements as follows:

(1) Repayment must not be mandatory;

(2) Repayment may be imposed only on convicted defendants;

(3) Repayment may only be ordered if the defendant is or will be able to pay;

(4) The financial resources of the defendant must be taken into account;

(5) A repayment obligation may not be imposed if it appears there is no likelihood the defendant's indigency will end;

(6) The convicted person must be permitted to petition the court for remission of the payment of costs or any unpaid portion;

(7) The convicted person cannot be held in contempt for failure to repay if the default was not attributable to an intentional refusal to obey the court order or a failure to make a good faith effort to make repayment.

*Barklind*, 87 Wn.2d at 817-18.

¶10 Under RCW 10.01.160(1), the court can order a defendant convicted of a felony to repay court costs as part of the judgment and sentence.[3] RCW 10.01.160(2) limits the costs to those "expenses specially incurred by the state in prosecuting the defendant or in administering the deferred prosecution program under chapter 10.05 RCW or pretrial supervision."[4]

---

[3] RCW 10.01.160(1) provides:

The court may require a defendant to pay costs. Costs may be imposed only upon a convicted defendant, except for costs imposed upon a defendant's entry into a deferred prosecution program, costs imposed upon a defendant for pretrial supervision, or costs imposed upon a defendant for preparing and serving a warrant for failure to appear.

[4] RCW 10.01.160(2) provides:

Costs shall be limited to expenses specially incurred by the state in prosecuting the defendant or in administering the deferred prosecution program under chapter 10.05 RCW or pretrial supervision. They cannot include expenses inherent in providing a constitutionally guaranteed jury trial or expenditures in connection with the maintenance and operation of government agencies that must be made by the public irrespective of specific violations of law. Expenses incurred for serving of warrants for failure to appear and jury fees under RCW 10.46.190 may be included in costs the court may require a defendant to pay. Costs for administering a deferred prosecution or pretrial supervision may not exceed one hundred fifty dollars. Costs for preparing and serving a warrant for failure to appear may not exceed one hundred dollars. Costs of incarceration imposed on a defendant convicted of a misdemeanor or a gross misdemeanor may not exceed the actual cost of incarceration. In no case may the court require the offender to pay more than one hundred dollars per day for the cost of incarceration. Payment of other court-ordered financial obligations, including all legal financial obligations and costs of supervision take precedence over the payment of the cost of incarceration ordered by the court. All funds received from defendants for the cost of incarceration in the county or city jail must be remitted for criminal justice purposes to the county or city that is responsible for the defendant's jail costs. Costs imposed constitute a judgment against a defendant and survive a dismissal of the underlying action against the defendant. However, if the defendant is acquitted on the underlying action, the

¶11 However, RCW 10.01.160(3) states that the sentencing court cannot order a defendant to pay court costs "unless the defendant is or will be able to pay them." In making that determination, the sentencing court must take into consideration the financial resources of the defendant and the burden imposed by ordering payment of court costs. RCW 10.01.160(3) provides:

> The court shall not order a defendant to pay costs unless the defendant is or will be able to pay them. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose.

Where, as here, the sentencing court orders a defendant to pay LFOs for a crime committed after July 1, 2000, the court retains jurisdiction to enforce that obligation "until the obligation is completely satisfied, regardless of the statutory maximum for the crime." RCW 9.94A.760(4).

¶12 As a fundamental rule, a defendant may not be incarcerated solely because of an inability to pay court ordered costs. *State v. Curry*, 118 Wn.2d 911, 918, 829 P.2d 166 (1992). Consequently, RCW 10.01.160(4) allows a defendant who is not in "contumacious default" to seek relief "at any time . . . for remission of the payment of costs or any unpaid portion thereof" on the basis of hardship. RCW 10.01.160(4) provides:

> A defendant who has been ordered to pay costs and who is not in contumacious default in the payment thereof may at any time petition the sentencing court for remission of the payment of costs or of any unpaid portion thereof. If it appears to the satisfaction of the court that payment of the amount due will impose manifest hardship on the defendant or the defendant's immediate family, the court may remit all or part of the amount due in costs, or modify the method of payment under RCW 10.01.170.[5]

---

costs for preparing and serving a warrant for failure to appear do not survive the acquittal, and the judgment that such costs would otherwise constitute shall be vacated.

[5] Unlike RCW 10.01.160, RCW 9.94A.753(4) states that a court may not reduce restitution "because the offender may lack the ability to pay the total amount."

¶13 The Rules of Appellate Procedure provide two methods of seeking review—review as a matter of right and discretionary review. RAP 2.1(a). RAP 2.2(a) lists the types of decisions that are appealable as a matter of right. If a decision is not appealable as a matter of right, a party may seek discretionary review under RAP 2.3. A decision that is not listed in RAP 2.2(a) is reviewable solely under the discretionary review criteria set out in RAP 2.3. *In re Chubb*, 112 Wn.2d 719, 721, 773 P.2d 851 (1989). (The failure to mention a particular decision or proceeding in RAP 2.2(a) indicates the Supreme Court's intent that the matter is reviewable only under the discretionary review guidelines of RAP 2.3.).

¶14 Smits contends the decision to deny his motion under RCW 10.01.160(4) is appealable as either a final judgment under RAP 2.2(a)(1) or a decision "denying a motion for . . . amendment of judgment" under RAP 2.2(a)(9).[6]

¶15 A final judgment is one that settles all the issues in a case. *In re Det. of Turay*, 139 Wn.2d 379, 392, 986 P.2d 790 (1999). The decisions Smits appealed from cannot be "final" under RAP 2.2(a)(1) because the order to pay LFOs as part of the judgment and sentence is conditional, and RCW 10.01.160(4) allows a defendant to file a petition to modify or waive LFOs "at any time."

¶16 The initial imposition of court costs at sentencing is predicated on the determination that the defendant either has or will have the ability to pay. RCW 10.01.160(3). Because this determination is clearly somewhat "speculative," the time to examine a defendant's ability to pay is

---

[6] RAP 2.2(a) provides in pertinent part:

Unless otherwise prohibited by statute or court rule . . . , a party may appeal from only the following superior court decisions:

(1) *Final Judgment.* The final judgment entered in any action or proceeding, regardless of whether the judgment reserves for future determination an award of attorney fees or costs.

. . . .

(9) *Order on Motion for New Trial or Amendment of Judgment.* An order granting or denying a motion for new trial or amendment of judgment.

when the government seeks to collect the obligation. *State v. Baldwin*, 63 Wn. App. 303, 310-11, 818 P.2d 1116 (1991). Until then, the denial of a motion under RCW 10.01.160(4) does not preclude subsequent motions.[7] Moreover, the court can modify the LFOs at any time and there can be no adverse consequences from a failure to pay if the default was not attributable to an intentional refusal to obey the court order, a determination that can be made only when payment is required. Smits, therefore, does not have a right to appeal under RAP 2.2(a)(1).

¶17 The decision to deny a motion under RCW 10.01.160(4) is also not appealable under RAP 2.2(a)(9) as an order denying motion to amend the judgment. Smits argues that because a decision granting a motion to terminate his LFOs would have the effect of amending the judgment and sentence, a decision denying such a motion is appealable under RAP 2.2(a)(9). Smits's argument ignores the conditional nature of the order to pay LFOs. Under the plain language of the statute, the requirement to pay LFOs as part of a judgment and sentence is not mandatory unless several conditions are met and the amount imposed is always subject to modification. A decision to grant or deny a motion to remit[8] LFOs is a determination of whether the defendant should be required to pay based on the conditions as they exist when the request is made. It does not alter or amend the judgment but rather changes the requirement of payment based on a present showing that payment would impose manifest hardship. The decision to deny a motion under RCW 10.01.160(4) is therefore not appealable under RAP 2.2(a)(9).

¶18 Smits's reliance on *State v. Crook*, 146 Wn. App. 24, 26-28, 189 P.3d 811 (2008), is misplaced. While the court in *Crook* considered the sentencing court's denial of a motion under RCW 10.01.160(4), the question of whether a defen-

---

[7] We express no opinion on the issue of whether a decision granting a motion under RCW 10.01.160(4), which might well be final, is appealable.

[8] "Remit" means (1) "To pardon or forgive"; (2) "To abate or slacken; to mitigate [damages]." BLACK'S LAW DICTIONARY 1409 (9th ed. 2009).

dant had a right to appeal under RAP 2.2(a) was neither raised nor addressed.

¶19 As in *Mahone*, we also conclude that Smits's attempt to appeal is barred by RAP 3.1. "Only an aggrieved party may seek review by the appellate court." RAP 3.1. An aggrieved party must have a substantial present interest in the subject matter of the appeal and must be "aggrieved in a legal sense." *Mahone*, 98 Wn. App. at 347-48. In *Mahone*, the defendant appealed an order denying a motion to remit appellate costs under RCW 10.73.160.[9] The defendant argued that he was entitled to appeal the decision under RAP 2.2(a)(1) and RAP 2.2(a)(9). The court did not reach the question of whether Mahone had a right to appeal but held that because he was not an "aggrieved party" under RAP 3.1, he could not seek review "until the State seeks to enforce payment and contemporaneously determines his ability to pay." *Mahone*, 98 Wn. App. at 347-48 (citing *State v. Blank*, 131 Wn.2d 230, 242, 930 P.2d 1213 (1997)). Here, as in *Mahone*, Smits is not an "aggrieved party."

¶20 Because the obligation to pay LFOs imposed as part of a judgment and sentence is conditional and Smits can bring a motion under RCW 10.01.160(4) at any time, and because the denial of such a motion is not a denial of a motion to amend the judgment and sentence, Smits does not have a right to appeal under RAP 2.2(a). Moreover, Smits may not appeal because he is not an aggrieved party. Accordingly, we deny Smits's motion to modify the commissioner's ruling dismissing his appeals.

GROSSE and LAU, JJ., concur.

---

[9] Like RCW 10.01.160(4), RCW 10.73.160(4) provides that a defendant may petition for relief from payment "at any time." RCW 10.73.160(4) provides:

A defendant or juvenile offender who has been sentenced to pay [appellate] costs and who is not in contumacious default in the payment may at any time petition the court that sentenced the defendant or juvenile offender for remission of the payment of costs or of any unpaid portion. If it appears to the satisfaction of the sentencing court that payment of the amount due will impose manifest hardship on the defendant, the defendant's immediate family, or the juvenile offender, the sentencing court may remit all or part of the amount due in costs, or modify the method of payment under RCW 10.01.170.