IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30650-0-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JAMES C. CARTER, | ) | |
| | ) | |
| Appellant. | ) | |

KULIK, J. — James Carter appeals the trial court's order requiring repayment of his legal financial obligations (LFOs). Mr. Carter contends that the trial court's implied finding that he has the current or future ability to pay is not supported by the record. We disagree with Mr. Carter's assertions and affirm the trial court. The court only specified the amount of inmate wages to be applied to Mr. Carter's LFOs. Statutory guidelines ensure deductions are not below indigency levels.

FACTS

Officer Jeff Bickford and Officer Kevin Barton of the Richland Police Department noticed a burgundy Oldsmobile legally parked in the parking lot of the Furniture Row Outlet store on West Bonnie Avenue in Richland. The officers saw Mr. Carter in the

passenger seat of the vehicle. The officers had knowledge that Mr. Carter was a heroin user and/or dealer. The officers contacted Mr. Carter and saw that he was inserting a needle in his arm. The needle contained a dark fluid consistent with heroin, which was presumptively confirmed through a field test.

Mr. Carter was charged and convicted of unlawful possession of a controlled substance. As part of his sentence, court costs, fees, and fines were assessed against him, totaling $3,460 in LFOs.

Mr. Carter's judgment and sentence contained section 2.5 that stated, "The court has considered the total amount owing, the defendant's past, present and future ability to pay legal financial obligations, including the defendant's financial resources and the likelihood that the defendant's status will change." Clerk's Papers (CP) at 40. However, the trial court did not indicate on the judgment and sentence that it found that Mr. Carter had the ability or future ability to pay the LFOs.

Section 4.1 of the judgment and sentence ordered that "[t]he defendant shall pay up to $50.00 per month to be taken from any income the defendant earns while in custody of the Department of Corrections. This money is to be applied towards legal financial obligations." CP at 41.

2

Mr. Carter appeals. He contends that the trial court made an implied finding that he had the current or future ability to pay his LFOs when it ordered him to pay $50.00 per month. He contends that the finding is not supported by the record and must be stricken.

ANALYSIS

We review a trial court's determination on an offender's financial resources and ability to pay under the clearly erroneous standard. *State v. Baldwin*, 63 Wn. App. 303, 312, 818 P.2d 1116 (1991). "A finding of fact is clearly erroneous when, although there is some evidence to support it, review of all of the evidence leads to a 'definite and firm conviction that a mistake has been committed.'" *Schryvers v. Coulee Cmty. Hosp.*, 138 Wn. App. 648, 654, 158 P.3d 113 (2007) (quoting *Wenatchee Sportsmen Ass'n v. Chelan County*, 141 Wn.2d 169, 176, 4 P.3d 123 (2000)).

Under RCW 10.01.160, a court "may [order] a [criminal] defendant to pay costs . . . incurred by the [S]tate in prosecuting the defendant." RCW 10.01.160(1), (2). "Inquiry into the defendant's ability to pay is appropriate only when the State enforces collection under the judgment or imposes sanctions for nonpayment; a defendant's indigent status at the time of sentencing does not bar an award of costs." *State v. Crook*, 146 Wn. App. 24, 27, 189 P.3d 811 (2008). "Consideration of the defendant's ability to pay applies to the setting of the minimum monthly payment, not to the setting of the total

3

restitution amount." *State v. We*, 138 Wn. App. 716, 728, 158 P.3d 1238 (2007);
RCW 9.94A.753(1).

Funds earned by a convicted person during custody are under the charge of the
Secretary of the Department of Corrections. RCW 72.11.020. The secretary has the
authority to disburse money from the inmate's personal account for the purpose of
satisfying a court-ordered LFO. *Id.* LFO deductions shall be made as stated in
RCW 72.09.111(1) and RCW 72.65.050. RCW 72.11.020. The withdrawal of funds for
the payment of LFOs shall not reduce the inmate's account to less than the level of
indigency as defined by the department. *Id.* "Further, unless specifically altered herein,
court-ordered legal financial obligations shall be paid." *Id.*

RCW 72.09.111 mandates the minimum deductions from wages received by
prisoners. The statute sets forth "specific formulas allowing for fluctuating amounts to be
withheld, based on designated percentages and inmate account balances, assuring inmate
accounts are not reduced below indigency levels." *Crook*, 146 Wn. App. at 28 (citing
RCW 72.09.111). This includes a minimum 20 percent deduction for payment
of LFOs for all inmates who have LFOs owing in any Washington superior court.
RCW 72.09.111(1)(a)(iv).

4

"Mandatory Department of Corrections deductions from inmate wages for repayment of legal financial obligations are not collection actions by the State requiring inquiry into a defendant's financial status." *Crook*, 146 Wn. App. at 27-28.

The trial court did not make a finding regarding Mr. Carter's ability to pay. Instead, the trial court addressed the amount of inmate wages that were to be applied to Mr. Carter's LFO. The Department of Corrections has the statutory authority to deduct a portion of his inmate's wages for this purpose. RCW 72.11.020. Statutory guidelines are in place to assure inmate's accounts are not reduced below indigency levels. *Id.*

The deduction from Mr. Carter's inmate's wages while in custody of the Department of Corrections was not a collection action by the State. RCW 72.11.020 allows the LFO deduction by the Department of Corrections. Because there was no attempt by the State to collect payment, there was no need for the court to address Mr. Carter's current ability to pay.

The judgment and sentence does not contain an unsupported finding that Mr. Carter has the ability to pay LFOs.

*Statement of Additional Grounds for Review.* In his statement of additional grounds, Mr. Carter contends that the officers did not have probable cause to make contact with him when they approached his parked vehicle. In making this argument, Mr.

Carter does not challenge the court's factual findings, does not cite legal authority, and makes no citations to the record. Despite the lack of support for his statement of additional grounds for review, we determine that Mr. Carter developed this same contention at his suppression hearing. Thus, we review this issue on appeal.

Whether the facts surrounding an encounter constitute a seizure is an issue of law and is reviewed de novo. *State v. Harrington*, 167 Wn.2d 656, 662, 222 P.3d 92 (2009) (quoting *State v. Armenta*, 134 Wn.2d 1, 9, 948 P.2d 1280 (1997)). A seizure occurs under article I, section 7 of the Washington Constitution when "considering all the circumstances, an individual's freedom of movement is restrained and the individual would not believe he or she is free to leave or decline a request due to an officer's use of force or display of authority." *State v. Rankin*, 151 Wn.2d 689, 695, 92 P.3d 202 (2004). When a police officer engages a citizen in conversation in a public place, the officer asking for identification does not, in itself, convert the encounter into a seizure. *Harrington*, 167 Wn.2d at 665 (quoting *State v. Young*, 135 Wn.2d 498, 511, 957 P.2d 681 (1998)).

The trial court concluded that the officers had a lawful right to approach Mr. Carter. The court reviewed *Harrington* and determined that the officer did not exceed

the law by making social contact with Mr. Carter, even considering the contact's investigative component.

After reviewing the record, we determine that the trial court correctly determined that the officers' actions did not rise to the level of a seizure. The officers' action of simply approaching Mr. Carter's car would not have led Mr. Carter to believe that he was not free to leave.

We affirm.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Kulik, J.

WE CONCUR:

_____        _____
Brown, J.                                Korsmo, C.J.

7