# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

STATE OF WASHINGTON,

    Respondent,

    v.

BEE THOW SAYKAO,

    Appellant.

)
)
)
)
)
)
)
)
)
)
)

No. 70265-3-I

UNPUBLISHED OPINION

FILED: April 7, 2014

PER CURIAM — Bee Saykao appeals the sentence imposed following his conviction for second degree assault. He contends, and the State concedes, that the sentencing court erred in failing to determine whether his prior convictions for burglary and malicious mischief, which resulted in concurrent sentences, were the same criminal conduct. We accept the concession of error and remand for compliance with RCW 9.94A.525(5)(a)(i).

Saykao also contends the trial court's boilerplate finding that he "has the present or likely future ability to pay the financial obligations imposed" is not supported by the record. He does not challenge the financial obligations imposed by the court, i.e., the victim's penalty assessment and DNA collection fee, but instead seeks only to strike the trial court's finding regarding his ability to pay. Because Saykao did not raise this issue below, he is barred from raising it for the first time on appeal.[1]

---

[1] State v. Calvin, 176 Wn. App. 1, 302 P.3d 509, 316 P.3d 496, 507 (2013).

No. 70265-3-I/2

But even if he could raise the argument, the challenged finding is immaterial and thus provides no basis for relief. A trial court is not required to enter findings regarding a defendant's ability to pay before it orders the defendant to pay financial obligations.[2] The proper time for findings "is the point of collection and when sanctions are sought for nonpayment."[3] While sentencing courts must consider the defendant's financial situation before imposing nonmandatory costs,[4] such consideration is not necessary at sentencing when, as here, the financial obligations imposed are mandatory.[5] In these circumstances, the challenged finding is immaterial surplusage and does not warrant relief.[6]

Saykao raises several additional claims in his pro se statement of additional grounds for review. He fails to demonstrate any grounds for relief.

He first contends the court denied him effective assistance of counsel when it denied his pretrial motion for standby counsel. The court's August, 2012 order summarizes the history of Saykao's representation, including his waiver of counsel and the trial court's reasons for denying his subsequent requests for counsel:

> Defendant, appearing pro se, seeks an order appointing counsel. Defendant was initially assigned to a public defender, Alison Warden. On 22 December 2010 defendant demanded her discharge; the court granted the motion. Public defender Leona Thomas was appointed. On 23 September 2011 defendant demanded that Ms. Thomas be discharged; the court denied the motion. On 28 September 2011, before a different judge who was unaware of the prior order, the court granted defendant's motion to discharge Ms. Thomas. Private counsel Nicholas Marchi was

---

[2] State v. Blank, 131 Wn.2d 230, 241-42, 930 P.2d 1213 (1997).
[3] Blank, 131 Wn.2d at 242; see also State v. Crook, 146 Wn. App. 24, 27, 189 P.3d 811 (2008).
[4] See RCW 10.01.160(3); State v. Baldwin, 63 Wn. App. 303, 308-12, 818 P.2d 1116 (1991).
[5] See, e.g., State v. Thompson, 153 Wn. App. 325, 336-38, 223 P.3d 1165 (2009) (DNA fee is mandatory and imposed regardless of hardship); State v. Williams, 65 Wn. App. 456, 460, 828 P.2d 1158, 840 P.2d 902 (1992) (victim penalty assessment "is mandatory and requires no consideration of a defendant's ability to pay" at sentencing); State v. Curry, 62 Wn. App. 676, 682-83, 814 P.2d 1252 (1991); RCW 43.43.690(1) ("the court shall levy a crime laboratory analysis fee").
[6] State v. Caldera, 66 Wn. App. 548, 551, 832 P.2d 139 (1992).

2

appointed at public expense. On 26 January 2012 defendant demanded
that Mr. Marchi be discharged; the court denied the motion. On 18 April
2012 defendant demanded that Mr. Marchi be discharged; the court
denied the motion whereupon defendant demanded to proceed pro se.
After colloquy, during which defendant was informed that this was a final
decision, the court granted his request and ordered that Mr. Marchi remain
as standby counsel, over defendant's objection. Defendant was informed
that he was not obliged to use standby counsel. On 24 April 2012, before
a different judge unaware of the court's prior ruling, the court granted Mr.
Marchi's leave to withdraw as standby counsel and ordered that defendant
would proceed without standby counsel. Defendant has now moved, for
the second time since he was granted his own request to represent
himself, for appointment of counsel. The court concludes that defendant
is manipulative, that he will never be satisfied with whomever might be
appointed to represent him, see: State v. Staten, 60 Wn. App. 163 (1991),
and that he was adequately warned of the dangers of self-representation
and the finality of his demand to represent himself, and that appointment
of counsel would further delay this much-delayed trial. Defendant's
motion for appointment of counsel is denied.

Saykao renewed his motion for counsel on the eve of trial, but the trial court adhered to,

and refused to revisit, the ruling quoted above. Saykao fails to demonstrate an abuse of

discretion in either ruling.[7]

Saykao also contends the court abused its discretion in denying his motion for a

continuance. The grant or denial of a continuance is within the trial court's discretion and

will not be disturbed absent a showing that the court abused its discretion and the

defendant was prejudiced thereby.[8] In denying a continuance, the trial court noted that the

case had been pending for nearly two years, that the proceedings had been delayed by

Saykao's numerous pretrial motions, and that there had been multiple continuances.

Saykao fails to address the court's reasons for denying the continuance and thus fails to

---

[7] See State v. DeWeese, 117 Wn.2d 369, 379, 816 P.2d 1 (1991) (after a waiver of counsel, "the trial court is not obliged to appoint, or reappoint, counsel on the demand of the defendant. The matter is wholly within the trial court's discretion").
[8] State v. Herzog, 69 Wn. App. 521, 524, 849 P.2d 1235 (1993).

No. 70265-3-I/4

demonstrate an abuse of discretion. Nor does he demonstrate prejudice. Although he claims he had to "rush the investigator [and] hurry the interview" of witnesses, he fails to demonstrate any prejudice to his defense.

Saykao also contends the State did not give the defense certain photo and audio evidence until the middle of trial. But again, he fails to explain how the alleged error prejudiced his defense.

Affirmed in part and remanded for further proceedings consistent with this opinion.

FOR THE COURT:

Becker, J.

Cox, J.

Jau, J.