**FILED**
**JULY 17, 2014**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 31629-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LUKE MICKLE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

BROWN, A.C.J. — Luke Mickle appeals the sentencing court's imposition of legal financial obligations (LFOs). He contends the court failed to first find he had the present or future ability to pay. Mr. Mickle next contends the court abused its discretion in ordering him to pay discretionary costs without taking into account his financial resources and the nature of the burden that payment of costs will impose as required under RCW 10.01.160(3). We affirm.

## FACTS

A jury found Mr. Mickle guilty of felony harassment. Before sentencing, defense counsel stated. "Judge, my client will be hopefully gainfully employed after this; he'll be able to pay fines and fees." Report of Proceedings (Apr. 30, 2013) (RP) at 9. The sentencing court then sentenced Mr. Mickle to eight months' confinement and imposed mandatory costs of $700 and discretionary costs of $750, for a total amount of LFOs of

$1,450. The court made no oral ruling finding Mr. Mickle had the present or future ability to pay the LFOs. The judgment and sentence, however, states, "The court has considered the total amount owing, the defendant's present and future ability to pay legal financial obligations, including the defendant's financial resources and the likelihood that the defendant's status will change." Clerk's Papers (CP) at 22.

The court made no further inquiry into Mr. Mickle's financial resources and the nature of the burden that payment of LFOs would impose. The court ordered, "Total financial obligation in the case is $1,450. Mr. Mickle is required to pay that at a rate that he works out with the court clerk. And he's to report to the clerk within 72 hours of his release." RP (Apr. 30, 2013) at 15-16.

The judgment and sentence states, "All payments shall be made in accordance with the policies of the clerk of the court and on a schedule established by [Department of Corrections] or the clerk of the court, commencing immediately." CP at 26. Mr. Mickle appealed.

## ANALYSIS

The issue is whether Mr. Mickle waived his challenge to his LFOs. The State argues he did not preserve his error claims for our review because he did not object at the sentencing hearing. The State is correct.

Until our Supreme Court decides otherwise, the rule established by each division of this court is that a defendant may not challenge a determination regarding his or her ability to pay LFOs for the first time on appeal. *State v. Duncan*, No. 29916-3-III, slip

2

op. at 7-12 (Wash. Ct. App. Mar. 25, 2014) (citing RAP 2.5(a) and *State v. Kuster*, 175 Wn. App. 420, 424-25, 306 P.3d 1022 (2013)); *State v. Calvin*, ___ Wn. App. ___, 316 P.3d 496, 507-08, *petition for review filed*, No. 89518-0 (Wash. Nov. 12, 2013); *State v. Biazina*, 174 Wn. App. 906, 911, 301 P.3d 492, *review granted*, 178 Wn.2d 1010, 311 P.3d 27 (2013).

Moreover, we reject Mr. Mickle's challenge to his discretionary LFOs. RCW 10.01.160(3) requires that "[i]n determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose." The trial court made no specific finding of Mr. Mickle's ability to pay the costs; although counsel stated Mr. Mickle would be gainfully employed. Nonetheless, it is premature for us to address the assigned error for two reasons.

First, challenges to LFOs are not properly before us until the State seeks to enforce them. *State v. Hathaway*, 161 Wn. App. 634, 651, 251 P.3d 253 (2011). Because a person is not an "aggrieved party" under RAP 3.1 "until the State seeks to enforce the award of costs and it is determined that [the defendant] has the ability to pay," appellate review is inappropriate. *State v. Mahone*, 98 Wn. App. 342, 349, 989 P.2d 583 (1999); *see also State v. Blank*, 131 Wn.2d 230, 242, 930 P.2d 1213 (1997). In *State v. Crook*, 146 Wn. App. 24, 27-28, 189 P.3d 811 (2008), the court held, "Mandatory Department of Corrections deductions from inmate wages for repayment of legal financial obligations are not collection actions by the State requiring inquiry into a

3

defendant's financial status." Thus, "[i]nquiry into the defendant's ability to pay is appropriate only when the State enforces collection under the judgment or imposes sanctions for nonpayment." *Crook*, 146 Wn. App. at 27.

Second, when and if the State seeks to collect, Mr. Mickle may petition the trial court for remission under RCW 10.01.160(4): "A defendant who has been ordered to pay costs . . . may at any time petition the sentencing court for remission of the payment of costs or of any unpaid portion thereof. If it appears to the satisfaction of the court that payment of the amount due will impose manifest hardship on the defendant or the defendant's immediate family, the court may remit all or part of the amount due." The denial or granting of that motion would warrant appellate review.

Accordingly, Mr. Mickle fails to provide a basis for reversal of the sentencing court's imposition of LFOs.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Brown, A.C.J.

WE CONCUR:

Fearing, J.

Lawrence-Berrey, J.

4