IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33326-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| RICHARD EUGENE CORNWELL, JR., | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Richard Cornwell appeals a superior court order denying his motion to vacate legal financial obligations (LFOs). Because the State has not yet attempted to enforce the LFO order, Mr. Cornwell is not an aggrieved party. His appeal is therefore dismissed.

BACKGROUND

While serving a lengthy prison sentence, Mr. Cornwell filed a motion in Walla Walla County Superior Court to vacate LFOs. Mr. Cornwell owes over $5,000 in LFOs, but payments are not scheduled to begin until after his release from prison, which is projected to occur in 2025. The basis of Mr. Cornwell's motion to vacate was there had not been a sufficient finding of ability to pay under *State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015).

The superior court denied Mr. Cornwell's motion after holding a brief hearing.

Mr. Cornwell appeals.

## ANALYSIS

Under RAP 3.1, "[o]nly an aggrieved party may seek review by the appellate court." Mr. Cornwell is not yet an aggrieved party as he is still in custody and no effort has been made to enforce payment of his LFOs. *State v. Mahone*, 98 Wn. App. 342, 348, 989 P.2d 583 (1999). Although the trial court denied Mr. Cornwell's motion to vacate costs, "he suffers no concrete injury until the State seeks to enforce payment and contemporaneously determines his ability to pay." *Id.*; *State v. Smits*, 152 Wn. App. 514, 525, 216 P.3d 1097 (2009). While Mr. Cornwell's judgment and sentence authorized the Department of Corrections to deduct inmate wages for purposes of repayment of LFOs under RCW 72.11.20, this authorization does not constitute a collection action by the State "requiring inquiry into a defendant's financial status." *State v. Crook*, 146 Wn. App. 24, 27-28, 189 P.3d 811 (2008).

The Supreme Court's decision in *Blazina* does not undermine the reasoning in decisions such as *Mahone*, *Smits*, and *Crook*. *Blazina* addressed the requirements for a superior court's factual findings regarding ability to pay court costs. A defendant dissatisfied with the findings set forth in his or her judgment and sentence can bring up

2

this issue in a direct appeal. *See State v. Bertrand*, 165 Wn. App. 393, 267 P.3d 511 (2011) (reversing for insufficient findings pre-*Blazina*). But *Blazina* did not create a mechanism for reopening a final judgment in cases like Mr. Cornwell's where no objections were made during the direct appeal process.

Importantly, *Blazina* did not reverse *State v. Blank*, 131 Wn.2d 230, 930 P.2d 1213 (1997), which held the constitutional right to contest imposition of fines on the basis of indigence is not ripe until enforcement. *Mahone*, *Smits* and *Crook* are all premised on *Blank*. They are not undermined by *Blazina*.

## CONCLUSION

Mr. Cornwell's LFO claims are denied as they are not ripe for review. The appeal is dismissed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Korsmo, J.

3