

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 78152-9-I |
| Respondent, | ) ) | |
| | ) | DIVISION ONE |
| v. | ) ) | |
| DOUGLAS EDWARD GALLAGHER, | ) ) | UNPUBLISHED OPINION |
| Appellant. | ) | FILED: July 16, 2018 |

PER CURIAM — Douglas Gallagher appeals an order denying his motion to remit his appellate costs under RCW 10.73.160(4) [1] and to waive interest under RCW 10.82.090(2). The superior court ruled it could not consider Gallagher's requests until he was released from confinement. The State concedes the court erred in concluding it lacked authority to consider the request for remission. We accept the State's concession. See RCW 10.73.160(4); State v. Wilson, 198 Wn. App. 632, 636, 393 P.3d 892 (2017). The State argues, however, and Gallagher does not dispute, that RCW 10.82.090(2)[2] precludes courts from considering a motion to waive interest on financial obligations until the offender is released

---

[1] We note that effective June 7, 2018, RCW 10.73.160(4) will restrict the filing of petitions for remission of costs to "any time *after release from total confinement* [.]" Laws of 2018, ch. 269, sec. 12 (emphasis added). The State references chapter 269 and its effective date in its brief and does not contend the amendments are retroactive or apply to this case.

[2] RCW 10.82.090(2) ("The court may, on motion by the offender, *following the offender's release from total confinement*, reduce or waive the interest on legal financial obligations . . . .) (Emphasis added.).

from total confinement.  We agree and affirm the denial of the motion to waive interest.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

FOR THE COURT:

_____

_____

_____