# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53698-6-II |
| Respondent, | (consolidated with No. 53708-7-II and No. 53718-4-II) |
| v. | |
| JASON STEWART FERGUSON, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, J.—Jason Stewart Ferguson appeals from the trial court's order denying his motions to remit legal financial obligations (LFOs). Ferguson argues that the trial court abused its discretion by finding he failed to establish a manifest hardship under former RCW 10.01.160(4) (2015). Ferguson asks this court to reverse the trial court's ruling and remand with instructions for the trial court to remit his outstanding LFOs. The State concedes that Ferguson has established manifest hardship and that his outstanding nonmandatory LFOs should be remitted.

We accept the State's concession, reverse the trial court's order denying Ferguson's motions to remit, and remand for the trial court to remit Ferguson's nonmandatory LFOs. Ferguson's mandatory LFOs may not be remitted on remand. The trial court must determine on remand which of the multiple LFOs at issue are nonmandatory. The trial court must remit only the principal balances of the nonmandatory LFOs.

Ferguson also filed a statement of additional grounds for review (SAG) arguing that the original imposition of LFOs was erroneous. We reject Ferguson's SAG argument as untimely.

FACTS

Ferguson was convicted of various crimes under 3 judgment and sentences, which imposed a total of 18 LFOs of various types. In April 2018, Ferguson filed 3 motions to remit his outstanding LFOs and waive interest imposed in his 3 judgment and sentences. Ferguson argued that he suffered manifest hardship under former RCW 10.01.160(4) because an outstanding LFO balance would make it harder for him to prevail in a clemency petition that he planned to file. Ferguson wrote in his pro se briefing: "As universally recognized, judicial debt is detrimental to reentering society. With this knowledge, the [clemency board] often considers the amount of unpaid LFOs when reviewing an applicant -- consideration that is never positive." Clerk's Papers at 385.

The State opposed Ferguson's motions below, contending that his arguments for manifest hardship were speculative because Ferguson provided "no information from the clemency board that they . . . would view the [LFOs] as a negative impact on any motion he were to make for clemency." Verbatim Report of Proceedings (May 10, 2018) at 32.

In May 2018, the trial court denied Ferguson's motions. The trial court agreed with the State that Ferguson had not established manifest hardship because he had not offered evidence "that the clemency board considers [LFOs]." *Id.* at 34. The trial court concluded that Ferguson's argument for manifest hardship was speculative and did not support remission under former RCW 10.01.160(4). The trial court also determined that it could not waive any LFO interest until Ferguson was released from total confinement for all offenses. The trial court made no findings about Ferguson's present or future ability to pay LFOs.

Ferguson appeals the trial court's orders denying his motions to remit LFOs. Ferguson appealed each of the trial court orders, and our commissioner consolidated the cases on appeal.[1]

On appeal, the State does not oppose Ferguson's request for remission to the extent it applies to nonmandatory LFOs. The State is now "satisfied that Ferguson has shown that the existence of the LFOs is causing him hardship." Br. of Resp't at 1-2.

Ferguson also filed a SAG arguing that his LFOs should be vacated because the sentencing court did not conduct an individualized inquiry into his ability to pay at his sentencing hearings.

ANALYSIS

I. MOTIONS TO REMIT

A.      The State's Concession Regarding Nonmandatory LFOs

On appeal, the State "is satisfied that Ferguson has shown that the existence of the LFOs is causing him hardship and has no objection to this Court ordering his [nonmandatory] LFOs be remitted." *Id.* We accept the State's concession.

The State does not concede that Ferguson's mandatory LFOs should be remitted. To the extent that Ferguson argues that mandatory LFOs should also be remitted on remand, we reject this argument. Each of Ferguson's judgment and sentences contained at least one mandatory LFO, the crime victim assessment, for example. *See State v. Clark*, 191 Wn. App. 369, 374, 362 P.3d

---

[1] Although a superior court's order denying a motion to remit LFOs is not considered a final order subject to a right of appeal, the person seeking remission can seek discretionary review of the superior court's denial. *State v. Wilson*, 198 Wn. App. 632, 635, 393 P.3d 892 (2017). Ferguson did not file a motion for discretionary review, but under RAP 5.1(c) we treat Ferguson's appeal as a motion for discretionary review. And in light of the State's concession, the ends of justice and conservation of judicial resources are best served by addressing Ferguson's claims on the merits at this time. *See* RAP 1.2(c); *see also Wilson*, 198 Wn. App. at 635. We therefore grant discretionary review.

309 (2015). Mandatory LFOs that are not "costs," like the crime victim penalty assessment, are not subject to remission under former RCW 10.01.160(4).

Although we would typically remand to the sentencing court to reconsider Ferguson's motions with direction to consider his ability to pay under the guidance of GR 34, in light of Washington Supreme Court precedent and the parties' agreement as to the appropriate remedy, we remand for entry of an order remitting Ferguson's nonmandatory LFOs. *See City of Richland v. Wakefield*, 186 Wn.2d 596, 606, 380 P.3d 459 (2016). On remand, the trial court will have to determine which of Ferguson's multiple LFOs can be remitted because they are nonmandatory and which cannot be remitted because they are mandatory.

We also hold that the trial court did not err by declining to waive accrued interest on Ferguson's LFOs. Under RCW 10.82.090(2), the trial court has discretion to waive or reduce an offender's LFO interest only after "the offender's release from total confinement." Because Ferguson was incarcerated when he brought his motions and he remains incarcerated, RCW 10.82.090(2) does not permit the trial court to remit any interest accrued on his LFOs. Accordingly, the trial court on remand should remit only the principal balances of the nonmandatory LFOs imposed in each of the three cases.[2]

---

[2] However, under RCW 10.82.090, no interest shall accrue on nonrestitution LFOs as of June 7, 2018. Thus, interest accrual should have ceased as of that date. Additionally, RCW 10.82.090(2)(a) directs sentencing courts to waive all interest on nonrestitution LFOs that accrued before June 7, 2018 on motion by the offender "following the offender's release from total confinement." Therefore, Ferguson will be relieved of all the interest accrued on his nonrestitution LFOs if he files a motion under RCW 10.82.090(2)(a) after his release from incarceration.

## II. STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

A.    Vacation of LFOs Under *Blazina*

In his SAG, Ferguson challenges the initial imposition of his LFOs, arguing that under *State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015), the trial court erred by imposing LFOs without conducting an individualized inquiry at the sentencing hearing to determine whether Ferguson was able to pay. In *Blazina*, the Supreme Court held that "under RCW 10.01.160(3) . . . the court must do more than sign a judgment and sentence with boilerplate language stating that it engaged in the required inquiry. The record must reflect that the trial court made an individualized inquiry into the defendant's current and future ability to pay." *Id.* at 838.

This case, however, is an appeal only of the trial court's denial of Ferguson's motions to remit his LFOs. Under RCW 10.73.090, Ferguson is now time barred from challenging the original decision imposing fees and costs because his direct appeal became final in 2006. And *Blazina* is not retroactive for purposes of RCW 10.73.100(6). *In re Pers. Restraint of Flippo*, 187 Wn.2d 106, 114, 385 P.3d 128 (2016). We reject Ferguson's challenge to the original imposition of his LFOs under *Blazina*.

## CONCLUSION

We reverse the trial court's order denying Ferguson's motions to remit and remand for the trial court to remit Ferguson's nonmandatory LFOs. Ferguson's mandatory LFOs may not be remitted on remand. The trial court must determine on remand which of the multiple LFOs at issue are nonmandatory and remit only the principal balances of the nonmandatory LFOs imposed in each of the three cases.

No. 53698-6-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

, C.J.

Lee, C.J.

Worswick, J.