IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | Nos.  39050-1-III |
| Respondent, | ) | 39051-9-III |
| | ) | 39052-7-III |
| vs. | ) | 39053-5-III |
| | ) | |
| DUSTIN G. ABRAMS, | ) | |
| | ) | UNPUBLISHED OPINION |
| Petitioner. | ) | |

STAAB, J. — In June of 2022, Dustin Abrams filed four motions in Grant County Superior Court seeking remission of discretionary legal financial obligations (LFOs) and waiver of accrued interest.  The motions corresponded to Grant County Superior Court case numbers 05-1-00615-6, 05-1-00813-2, 06-1-00366-0, and 07-1-00175-4.  The superior court denied each motion on the grounds that a defendant cannot seek remission or waiver of LFOs and accumulated interest while still in prison.  For the reasons stated below, we reverse and remand for the superior court to consider Mr. Abrams's motions on their merits.

FACTS

In 2018, the Washington State Legislature passed Engrossed Second Substitute House Bill 1783, concerning discretionary legal financial obligations.  The new law

directed that interest would no longer accrue on nonrestitution LFOs and prohibited courts from imposing discretionary LFOs on defendants who are indigent at the time of sentencing. *See* LAWS OF 2018, ch. 269 §§ 1, 6, 9, 10, 14, 16, and 17. The new law also authorized courts to waive all nonrestitution interest that accrued prior to this change in the law and to remit discretionary LFOs for defendants who were presently indigent, but prohibited defendants from seeking waiver or remission until "release from total confinement." LAWS OF 2018, ch. 269 §§ 1, 6, and 12.

The superior court denied each of Mr. Abrams's motions on the grounds that he was still in total confinement, serving a sentence on an unrelated felony matter in case number 05-1-00454-4. Mr. Abrams argued that the "release from total confinement" language in the remission statutes should be read to mean release from total confinement on that case. Because Mr. Abrams had finished serving his sentences on these other cases, he believed he should be able to seek waiver and remission in each of them. The superior court implicitly rejected that reading of the statutes. Following denial of his motions, Mr. Abrams filed timely notices of appeal.

After appointed counsel filed Mr. Abrams's opening briefs, the State filed a motion to dismiss the appeals. The State argued that the orders denying waiver and remission were not appealable as a matter of right under RAP 2.2. The State's motion was heard by a Commissioner of this court. Following established precedent, the Commissioner ruled that the orders were not appealable and dismissed the review

proceedings. Mr. Abrams moves to modify the Commissioner's rulings. This court now exercises its discretion to decide Mr. Abrams's motions by an opinion. RAP 17.6(b).

ANALYSIS

The right to appeal is limited to the 12 grounds listed in RAP 2.2(a). In *Smits*, Division I of this Court held that an order denying a motion to remit LFOs does not fit any of those categories and is therefore not appealable as a matter of right. *State v. Smits*, 152 Wn. App. 514, 523-24, 216 P.3d 1097 (2009). As a separate, independent basis, for dismissing the notice of appeal, Division I also held that Smits was not an "aggrieved party" entitled to appeal under RAP 3.1 until the State sought to collect on the judgment. *Smits* at 525.

The *Smits* holding with respect to RAP 3.1 was implicitly overturned by the Washington Supreme Court in *Blazina*. *State v. Blazina*, 182 Wn.2d 827, 832 n. 1, 344 P.3d 680 (2015). In *Shirts*, Division II recognized that the RAP 3.1 holding from *Smits* was no longer good law post-*Blazina*. *State v. Shirts*, 195 Wn. App. 849, 854-56, 381 P.3d 1223 (2016). In *Wilson*, this Division agreed with Division II's analysis of RAP 3.1. *State v. Wilson*, 198 Wn. App. 632, 635, 393 P.3d 892 (2017). This Division also held that the RAP 2.2 holding from *Smits* remained unaffected by *Blazina*. *Wilson* at 635.

We continue to adhere to *Wilson*. The question of *who* is entitled to appeal under RAP 3.1 is independent of *what* may be appealed under RAP 2.2. Only if both RAP 2.2

3

and RAP 3.1 are satisfied may an appeal proceed as a matter of right. Accordingly, we deny Mr. Abrams's motions to modify the Commissioner's rulings.

Although Mr. Abrams is not entitled to appeal as a matter of right, the court exercises its discretion to grant discretionary review on the court's own motion. RAP 1.2(c). We exercised the same discretion in *Wilson* to serve "the ends of justice and conservation of judicial resources" because it would have been a waste to "require[e] him to file a new motion for remission and then seek discretionary review." *Wilson* at 635. The court, on its own initiative, also orders these matters consolidated for the purpose of review. RAP 3.3(b).

While review has been pending in this court, the law with respect to LFOs has changed yet again. As of January 1, 2023, criminal defendants may now bring motions to remit LFOs and waive interest without having to wait for their release from total confinement. LAWS OF 2022, ch. 260, §§ 9, 10, 12. Because the legislature repealed the language the superior court relied on to deny Mr. Abrams's motions, Mr. Abrams is now entitled to have his motions considered on their merits by the superior court. Rather than require Mr. Abrams to re-draft and re-file his motions, it is more expeditious to remand the matter for the superior court to consider Mr. Abrams's motions under the law as it currently exists.

Nos. 39050-1-III, 39051-9-III, 39052-7-III, 39053-5-III
*State v. Abrams*

CONCLUSION

The superior court's orders under review are reversed, and the cases remanded for the superior court to address the merits of Mr. Abrams's motions to remit LFOs and waive interest.[1]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Staab, J.

WE CONCUR:

_____
Pennell, J.

_____
Lawrence-Berrey, A.C.J.

---

[1] This court observes that Mr. Abrams's motions were captioned such that it appeared Mr. Abrams was only seeking waiver of interest under RCW 10.82.090. In his notices of appeal, Mr. Abrams indicated that he had been seeking both waiver of interest under RCW 10.82.090 and remission of LFOs under RCW 10.01.160. Upon remand, Mr. Abrams can clarify what financial matters he is specifically seeking to have reduced, waived, and/or remitted.

Because Mr. Abrams's opening brief did not assign error to the superior court's concurrent orders denying Mr. Abrams's motions to vacate convictions, this court considers any issue concerning those orders waived. RAP 10.3(a)(4); *State v. Farmer*, 116 Wn.2d 414, 432, 805 P.2d 200 (1991) ("issues not supported by argument and citation to authority will not be considered on appeal").

5